JAMES F. McKAY III, Judge.
hln this case, the defendants appeal the trial court’s certification of a class action lawsuit arising out of a fire at a landfill site in St. Bernard Parish. We affirm.
FACTS AND PROCEDURAL HISTORY
On the night of September 4, 2000, a fire began at a landfill in St. Bernard Parish operated by Gioe’s Truck Service, Inc. d/b/a Gioe’s Truck Service and Demolition (Gioe’s). The fire was not fully extinguished until September 29, 2000. A number of residents of St. Bernard Parish allege that they were adversely affected by smoke and haze caused by the fire.
On August 31, 2001, Joseph LeJeune and others filed a petition for a putative class action lawsuit on behalf of themselves and all of those persons similarly situated who were residents of and/or were present in the Parish of St. Bernard and who had *1045 sustained physical, mental and/or emotional injuries, fright, inconvenience, personal and medical expenses, interruption of or intrusion into their personal and/or professional lives as a direct consequence of the fire | .¿occurring at the Gioe site. The named defendants in the lawsuit were Lu-den Gioe, Lou Gioe’s Truck Service, Inc., and United National Insurance Company (United National).
Prior to the filing of the LeJeune lawsuit, on August 29, 2001, Cynthia Self Poolson and others filed a lawsuit on behalf of certain residents of St. Bernard Parish who sustained damages as a result of the aforementioned fire. The named defendants in the Poolson lawsuit were Mr. Gioe, Gioe’s Truck Service and Demolition, Lou Gioe’s Truck Service, Inc., River Parish Disposal, Inc. (River Parish), Crescent Environmental Services, Inc. (Crescent), the St. Bernard Parish Government, and United National.
On January 8, 2002, the Poolson and LeJeune lawsuits were consolidated. On January 24, 2002, the attorney for the Poolson plaintiffs filed a motion and order to dismiss River Parish. This motion was granted by Judge Kirk Vaughn that same day. On March 13, 2002, the attorney for the Poolson plaintiffs filed a motion and order to dismiss Crescent. That motion was granted by Judge Vaughn on March 14, 2002. On March 28, 2003, the LeJeune plaintiffs filed a first supplemental and amending petition, naming River Parish and Crescent as well as J & A Mereaux, Inc., Arlene Soper Mereaux, the St. Bernard Parish Government and the St. Bernard Parish Fire Department as defendants. J & A Mereaux and Arlene Soper Mereaux were later dismissed without prejudice from the lawsuit.
On January 16, 2002, the Lejeune plaintiffs filed a motion for class certification pursuant to La. C.C.P. art. 592(A)(1). The class certification hearing |awas held before Judge Robert Buckley on April 23 through April 25, 2007. Prior to the hearing, the trial court granted the plaintiffs’ oral motion to substitute Jane Marengo, Stacey Lovell, Ramona Fleetwood and Kerry Liuzza as class representatives in place of the original class representatives.[1] At the close of the hearing, the St. Bernard Parish Government and St. Bernard Parish Fire Department were dismissed from the suit by a directed verdict.
On July 18, 2008, the trial court rendered a judgment against Gioe’s, River Parish and Crescent, certifying a class. The class was defined by the court as follows:
“Residents, property owners, business owners and employees living, working, or actually residing within an area covering both sides of any named street bounded on the east by Volpe Drive, to the west by the Gueringer Canal, to the south by St. Bernard Highway, and to the north by the Gioe landfill site, who sustained property damages and/or personal injury damages between the dates of September 4, 2000 and September 29, 2000 as a result of the emissions produced by the Gioe landfill fire.”
Gioe’s, River Parish, and Crescent now appeal the trial court’s granting of the class certification.
DISCUSSION
On appeal, the issue before this Court is whether the trial court properly found that *1046 the claims of the plaintiffs met the prerequisites of La. C.C.P. art. 591 and should proceed as a class action.
La. C.C.P. art. 591(A) sets forth the elements requisite to certification of a class action and provides the following:
|4A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
(1) The class is so numerous that join-der of all members is impracticable.
(2) There are questions of law or fact common to the class.
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
(4) The representative parties will fairly and adequately protect the interests of the class.
(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
La. C.C.P. art. 591(A).
There is no magic number that will satisfy the numerosity requirement for class certification. Billieson v. City of New Orleans, 98-1232, p. 11 (La.App. 4 Cir. 3/3/99), 729 So.2d 146, 154. For the numerosity requirement to be met, it must be shown that the class is so numerous that joinder is impractical, but at the same time, it is a definable group of aggrieved persons. Cotton v. Gaylord Container, 96-1958 (La.App. 1 Cir. 3/27/97), 691 So.2d 760, 768. In the instant case, Dr. Erno Sajo, an expert in the fields of atmospheric dispersion modeling, health physics, aerosol physics and thermal hydraulics, testified as to potential downwind areas impacted by the Gioe fire. Dr. Sajo used his expertise, along with a review of eyewitness testimony, meteorological data, and photographic images of the fire’s smoke plume to determine that the plume traveled almost horizontally in a N-NE to SSW direction with very little vertical dissolution. This dispersion carried the plume over large residential areas. Furthermore, Erica Curóle, a legal assistant to plaintiffs’ counsel, testified that she handled the claims forms and client database and that she received and processed between 300 and 400 claims. Considering the expert testimony of Dr. Sajo and the number of claims processed | sby plaintiffs’ counsel, it is evident that joinder of all members would be impracticable. Accordingly, the numerosity requirement is met.
The second prerequisite to class certification is that there are questions of law or fact common to the class. La. C.C.P. art. 591(A)(2). The test of commonality is not a demanding one. Rapp v. Iberia Parish School Bd., 2005-833, p. 9 (La.App. 3 Cir. 3/1/06), 926 So.2d 30, 37. It requires only that there be at least one issue of law or fact, the resolution of which will affect all or a significant number of putative class members. Id. (citing Duhe v. Texaco, Inc., 99-2002, p. 12 (La.App. 3 Cir. 2/7/01), 779 So.2d 1070, 1078). In the instant case, the plaintiffs are individuals who are alleging damages from a single source (smoke and toxic emissions from the fire at the Gioe landfill). Liability for the alleged damages will be the same for all plaintiffs, although the damages themselves may vary as to each plaintiff. When the only differences between claims are differences of degree and amount and nature of claims is so similar as to be “almost identical” and emanate from the “same common source,” commonality is present. Martello v. City of Ferriday, 2001-1240, p. 13 (La.App. 3 Cir. 3/6/02), 813 So.2d 467, 478. Accordingly, the commonality requirement is met in the instant case.
*1047 In the instant case, the claims or defenses of the representative parties are typical of the claims or defenses of the class. The claims of the class representatives all arise out of exposure to smoke and toxic emissions from the fire at the Gioe landfill site in September of 2000. The class representatives are all present or former residents of the same geographical area by which the class is presumptively defined and the relief which they seek, compensatory damages for their injuries, is sought by all members of the class. “Typicality is satisfied if the claims of the class representatives arise out of the same event, practice, or course | ñof conduct that gives rise to the claims of the other class members and those claims are based on the same legal theory.” Singleton v. Northfield Ins. Co., 2001-0447, p. 12 (La. App. 1 Cir. 5/15/02), 826 So.2d 55, 63. (citing Duhe, 99-2002 at p. 13, 779 So.2d at 1079. Accordingly, the typicality requirement is met.
In the instant case, the representative parties will fairly and adequately protect the interests of the class. The trial court heard testimony from the proposed class representatives: Ramona Fleetwood, Jane Marengo, Stacey Lovell, and Kerry Liuzza. All four testified as to their geographical locations at the time of the fire and the effects that it had on their health, property and mental well-being. The trial court found that their experiences and resulting damages were similar enough to one another and would therefore be similar to other potential class members. The court stated that this would allow for adequate representation of all class members. We find no error in this finding.
The final prerequisite under La. C.C.P. art. 591(A) is that the class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine for constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case. Chalona v. Louisiana Citizens Property Ins. Corp., 08-0257, p. 9 (La.App. 4 Cir. 6/11/08), 3 So.3d 494, 502. In the instant case, the trial court established a geographic boundary; the trial court included as class members: residents, property owners, business owners, and employees living, working or actually residing in the geographic area who sustained property damage and/or personal injury damages between the dates of September 4, 2000 and September 29, 2000 as a result of the emissions produced by the Gioe landfill fire. Clearly, the class in the instant case was defined objectively in terms of ascertainable criteria.
|7In addition to the five requirements of La. C.C.P. art. 591(A), at least one requisite for class certification under La. C.C.P. art. 591(B) must also be met. In the instant case, the trial court found that the requirements of La. C.C.P. art. 591(B)(3) were met. La. C.C.P. art. 591(B)(3) provides:
(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:
(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(c) The desirability or undesirability of concentrating the litigation in the particular forum;
*1048 (d) The difficulties likely to be encountered in the management of a class action;
(e) The practical ability of individual class members to pursue their claims without class certification;
(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation;
La. C.C.P. art. 591(B)(3).
In the instant case, considering the number of potential plaintiffs and the nature of their claims, a class action would best serve the interests of the plaintiffs to see that their legal rights and the relief demanded are addressed without prejudicing the defendants. In the class action context, the trial court will be better able to determine the significance of the individual claims and the consequences of imposing liability on the defendants and it is more likely to arrive at a just conclusion. The mere fact that there may be varying degrees of damages or that each class member must ultimately prove their right to recover does not preclude class certification in this case. See Davis v. American Home Products Corp., 2002-0942, 2002-0943, 2002-0944, p. 9 (La.App. 4 Cir. 3/26/03), 844 So.2d 242, 251. | Accordingly, we find no error in the trial court’s finding that the requirements of La. C.C.P. art. 591(B)(3) were met.
CONCLUSION
For the foregoing reasons, we affirm the trial court’s certification of a class action in this case.
AFFIRMED.

. On May 14, 2007, the LeJeune plaintiffs filed a motion and order for leave of court to amend class action petition for damages, confirming the court's allowance of substitution of class representatives. This order was signed by Judge Buckley on November 7, 2007.