# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 11-742 consolidated with 11-1017

KEISHA DESSELLE, ET AL.

VERSUS

ACADIAN AMBULANCE SERVICE, INC.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2010-5885-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Scott R. Bickford
Lawrence J. Centola, III
Martzell & Bickford
338 Lafayette Street
New Orleans, LA   70130
(504) 581-9065
COUNSEL FOR PLAINTIFF/APPELLEE:**
       Keisha Desselle, et al.

**Donald W. McKnight
Claude P. Devall
J. Lee Hoffoss, Jr.
Newman, Hoffoss & Devall
1830 Hodges Street
Lake Charles, LA   70601
(337) 439-5788
COUNSEL FOR PLAINTIFF/APPELLEE:**
       Keisha Desselle, et al.

**Derrick G. Earles**
**Post Office Box 129**
**Marksville, LA   71351**
**(318) 253-0900**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Keisha Desselle, et al.**

**James P. Dore**
**Alan J. Berteau**
**Kean, Miller**
**Post Office Box 3513**
**Baton Rouge, LA   70821**
**(225) 387-0999**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Acadian Ambulance Service, Inc.**

**Rodney M. Rabalais**
**Rabalais  & Roy**
**Post Office Box 447**
**Marksville, LA   71351**
**(318) 253-4622**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Acadian Ambulance Service, Inc.**

**AMY, Judge.**

The plaintiffs filed suit, asserting that the defendant health care provider impermissibly demanded and/or collected sums in excess of the discounted rates negotiated with the plaintiffs' health insurance providers. The trial court granted the plaintiffs' motion for class certification. The defendant health care provider appeals, contending that the plaintiffs failed to establish the various elements of La.Code Civ.P. art. 591 required for class action status. For the following reasons, we affirm.

## Factual and Procedural Background

Keisha Desselle, both individually and on behalf of her minor son, Ayden Desselle, and Terry Dupuy alleged that they sustained injuries in accidents involving third parties. Each received assistance from the defendant, Acadian Ambulance Services, Inc. (Acadian Ambulance), as a result of their accidents. The record demonstrates that the plaintiffs were insured by health insurance policies issued by an insurer with whom Acadian Ambulance had contracted for medical services.

In light of Acadian Ambulance's determination that a third party was at fault for each of the plaintiffs' accidents, it proceeded according to its policy of attempting to recover its full rate from its patients' settlement or judgment resulting from the accident rather than attempting to recover the discounted rate contracted for between itself and the patient's health insurer. The record demonstrates that Acadian Ambulance typically does so through medical liens issued to either the patients or their attorneys.

The plaintiffs filed this matter, asserting that Acadian Ambulance applied this practice in their respective situations and that the practice violated La.R.S. 22:1871, et seq., the Health Care Consumer Billing and Disclosure Protection Act.

A portion of the plaintiffs' claim also alleges that this practice, in addition to the statutory violation, has resulted in payment of sums not due. *See* La.Civ.Code art. 2299.[1] Acadian Ambulance initially contested the plaintiffs' petition by advancing several exceptions.[2]

Thereafter, the plaintiffs filed a motion to certify class action, which proceeded to an evidentiary hearing before the trial court. In written reasons for ruling and judgment, the trial court granted the motion and defined the class(es) as follows:

> The Class as Defined consists of the following:
>
> All persons who received "covered health care services" as defined by La.R.S. 22:1874(8) provided by Acadian Ambulance Service, Inc. ("Acadian[")]; and at the time of the covered health care services had "Health Insurance Coverage" as defined by La. R.S. 22:1874(18); and from whom Acadian attempted to recover any amount in excess of the "contracted reimbursement rate" as defined by La. R.S. 22:1874(7) and/or who paid Acadian in any manner including but not limited to liability insurance proceeds and/or from proceeds of a settlement or judgment, an amount in excess of the "contracted reimbursement rate" either directly and/or through their attorney and/or through a liability insurance carrier and/or any third party.
>
> The class is composed of the following subclasses:
>
> "Attempt to Recover" subclass: A subclass of persons who received covered health care services, and who had health insurance coverage, and from whom Acadian attempted to recover any amount in excess of the "contracted reimbursement rate" from October 25, 2009 through date of judgment.
>
> Payor subclass: A subclass of persons who received covered health care services, and who had health insurance coverage, and/or who paid Acadian in any manner including but not limited to liability insurance proceeds and/or from proceeds of a settlement or judgment, an amount in excess of the "contracted reimbursement rate" either directly and/or through their attorney and/or through a liability

---

[1] The plaintiffs also alleged a cause of action for breach of contract. However, the plaintiffs ultimately stipulated that they were not pursuing that cause of action.

[2] The record indicates that the trial court denied Acadian Ambulance's exceptions of lis pendens and its exceptions of no right of action and no cause of action with regard to claims under La.R.S. 22:1871, et seq. The trial court continued certain other exceptions until further discovery was completed.

insurance carrier and/or any third party, from January 1, 2004 through date of judgment.

The trial court designated the plaintiffs as the class representatives.

Acadian Ambulance appeals[3] and assigns the following as error:

1.    The Trial Court erred in certifying a class which was not pled until after the certification hearing.

2.    The Trial Court erred as a matter of law in finding that certification of a class was proper under La.C.C.P. art. 591(B)(1).

3.    The Trial Court committed legal error in finding that plaintiffs proved that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.    The Trial Court erred in finding plaintiffs proved commonality and typicality.

5.    The Trial Court erred in certifying a class without requiring proof of class counsel's ability to meet the requirements of La.C.C.P. art. 591(4).

### Discussion

*Pleadings*

In its first assignment of error, Acadian Ambulance asserts that the trial court improperly shaped its class designation upon an amended petition filed by the plaintiffs after the class certification hearing. It contends that the amendment was without appropriate leave of court or written permission pursuant to La.Code Civ.P. arts. 1151 and 1154. Further, it contends that it did not receive sufficient notice of the amendment, and that the trial court's acting upon the filing by adopting its class definitions was an abuse of the trial court's discretion.

This assignment stems from the fact that the plaintiffs' original petition alleged that Acadian Ambulance had refused to submit its charges to the patients'

---

[3] In a companion case, Acadian Ambulance also appeals a subsequently rendered preliminary injunction which prohibited Acadian Ambulance from collecting, or attempting to collect, an amount in excess of the contracted-for reimbursement rate. *See Keisha Desselle, et al. v. Acadian Ambulance Service, Inc.*, 11-1017 (La.App. 3 Cir. _/_/12), _ So.3d _.

health care provider.[4]  However, the evidence developed at the certification hearing indicated that, with regard to Ms. Desselle, Acadian Ambulance initially demanded payment from her, before ultimately receiving payment from her health care insurer.  Ms. Desselle's claim was differentiated from that of her son and that of Mr. Dupuy in this way.  Plaintiffs' counsel argued to the court that this ultimate payment of the claim by the insurer did not remove Ms. Desselle from consideration as a class representative insofar as Acadian Ambulance's initial attempt to recover from Ms. Desselle entitled her to maintain a cause of action only for violation of La.R.S. 22:1874 rather than from payment of a thing not due as well.[5]

After this evidence was presented, the trial court explained that:  "I will allow plaintiffs thirty days to amend their pleadings to note that regarding Ms. Desselle.  I think she is proper through [sic] under those guidelines."  Thereafter, discussion ensued between the parties' counsel and the trial court involving the ultimate class definitions as shaped by the evidence developed at trial.  In light of the specific permission granted by the trial court to amend the pleadings and the defense's ability to respond to the anticipated amendment while still at the contradictory hearing, we find no abuse of the trial court's discretion in accepting

---

[4] The original petition sought to define the class as follows:

> All individuals currently residing in the State of Louisiana who during the relevant time period as defined below:
>
> (1) Received medical care, medical treatment, and/or medical services by Acadian Ambulance Service; and
> (2) At the time of this medical care, medical treatment and/or medical services were insured by a policy of health and medical insurance issued by any health insurance company; and
> (3) Which policy of insurance Acadian Ambulance Service either refused to accept and/or refused to submit bills and invoices thereunder to the health insurance company.

[5] This theory of recovery is reflected in the definition of the "Attempt to Recover" subclass.

4

the supplemental petition or in incorporating its proposed language into its own class definitions.

This assignment lacks merit.

*Class Action Requirements*

Acadian Ambulance next turns to the trial court's substantive determination that class certification was appropriate and asserts arguments on various components of La.Code Civ.P. art. 591.

Article 591, which sets forth the prerequisites for obtaining class action status, reflects the purpose of class action suits. As explained in *Dupree v. Lafayette Ins. Co.*, 09-2602, p. 6 (La. 11/30/10), 51 So.3d 673, 679, the class action mechanism enables representatives with typical claims "to sue or defend on behalf of, and stand in judgment for, a class of similarly situated persons when the question is one of common interest to persons so numerous as to make it impracticable to bring them all before the court."

Paragraph (A) establishes five initial requirements for certification, providing:

> A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
>
> (1) The class is so numerous that joinder of all members is impracticable.
>
> (2) There are questions of law or fact common to the class.
>
> (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
>
> (4) The representative parties will fairly and adequately protect the interests of the class.
>
> (5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.

In its determination of whether a party has met the prerequisites for obtaining class certification, a trial court must conduct what has been described as a rigorous analysis. *Brooks v. Union Pac. R.R. Co.*, 08-2035 (La. 5/22/09), 13 So.3d 546. In doing so, a trial court evaluates, quantifies, and weighs the factors in determining to what extent the class action would effectuate substantive law, judicial efficiency, and individual fairness. *Id.* This analysis requires the trial court to actively inquire into every aspect of the case. *Id.* The trial court must not hesitate to require a showing beyond the pleadings. *Id.* In fact, a party seeking certification must be prepared to prove that, in fact, the prerequisites are present. *Price v. Roy O. Martin*, 11-853 (La. 12/6/11), _ So.3d _ (quoting *Wal-Mart Stores, Inc. v. Dukes*, _ U.S. _, 131 S.Ct. 2541 (2011)). The trial court's analysis may frequently overlap with the merits of the substantive claim. *Id.*

In written reasons for ruling, the trial court concluded that the plaintiffs established the above factors of Paragraph (A).[6] Acadian Ambulance contests the

_____

[6] The trial court explained that:

The Motion to Certify Class is granted for the following particulars:

1. NUMEROSITY
    Generally, a class action is appropriate whenever interested parties appear to [be] so numerous that separate suits would unduly burden the courts, and a class action would clearly be more useful and judicially expedient than the other available procedures. *Cotton v. Gaylord*, 96-1958 (La.App. 1 Cir. 3/27/97), 691 So.2d 760, 768, writ denied, 97-0800 (La. 4/8/97), 693 So.2d 147. At the hearing in the instant matter, Debra Martin, the Acadian corporate representative, testified that there w[ere] at least 500 people in the past year who were insured, received covered health care services, yet Acadian attempted to collect more than the contractual reimbursement rate. If this class was not certified, the filing of 500 individual cases would unduly burden the courts.

2. COMMONALITY
    The test for commonality is not a demanding one, and requires only that there be at least one issue, the resolution of which will affect all or a significant number of the putative class members. *Duhe v. Texaco, Inc.*, 1999-2002 (La.App. 3 Cir. 2/7/01), 779 So.2d 1070, writ denied, 2001-0637 (La. 4/27/01), 791 So.2d 637. Here, the determination of whether or not the actions pursuant to Acadian's policy and/or procedure violate La. R.S. 22:1874 et seq. (The "Billing Act") will affect the entire putative class. The Court's decision on whether or not the actions pursuant to Acadian's policy and/or procedure violate La.R.S. 22:1874 et seq will be *res judicata* on other suits based on Acadian's alleged violations of the Billing Act.

findings regarding the commonality requirement of Paragraph (A)(2) and the typicality requirement of Paragraph (A)(3). It also contests the adequacy of representation as required by Paragraph (A)(4).

Acadian Ambulance further questions the trial court's determination that certification was appropriate under La.Code Civ.P. art. 591(B)(1) and (3). This portion of Article 591 requires consideration of additional factors once the prerequisites of Paragraph A have been met.

Paragraph (B) indicates that:

> An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:
>
> (1) The prosecution of separate actions by or against individual members of the class would create a risk of:
>
> (a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>
> . . . .

---

3. TYPICALITY
    The element of typicality requires that the claims of the class representatives be a cross-section of, or typical of, the claims of all members. *Andrey v. Murphy Oil, USA, Inc.*, 97-0793 (La.App. 4 Cir. 4/1/98), 710 So.2d 1126, writ denied, 98-1178 (La. 6/9/98), 720 So.2d 1214. The Acadian witness, Debra Martin, specifically testified at the hearing that Acadian's handling of the Desselle bill for services and the Dupuy bill for services was typical of the procedure employed by Acadian with regard to liability accidents.

4. ADEQUACY OF REPRESENTATION
    The commitment of Keisha Desselle and Terry Dupuy to make sure that this litigation is brought to a conclusion was evident at the hearing. These class representatives have a significant stake in the litigation to ensure conscientious participation in the litigation. These class representatives specifically testified that they wanted resolution to this matter to ensure that Acadian does not continue to do things that the class representatives believe are unlawful.

5. DEFINEABILITY
    At the hearing in the instant matter, Debra Martin, the Acadian corporate representative, testified that Acadian could perform searches in its database to see who was insured and to see who Acadian had labeled as having liability as the responsible party. Acadian's admission to having these search capabilities makes the class easy to define.

7

(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

On review of the class certification, we are mindful that an appellate court considers the trial court's factual findings under the manifest error standard of review, and the trial court's ultimate decision as to whether to certify a class under the abuse of discretion standard. *Price*, _ So.3d _. Additionally, the appellate court considers de novo whether the trial court applied the correct legal standard. *Id.* We turn to consideration of the specific assignments of error.

*La.Code Civ.P. art. 591(A)*

Commonality

With regard to the prerequisites, Acadian Ambulance contends that the trial court erred in finding that "[t]here are questions of law or fact common to the class." *See* La.Code Civ.P. art. 591(A)(2). While the trial court cited the common issue of whether Acadian Ambulance's complained-of billing policy constituted a statutory violation, Acadian Ambulance contends that its implementation of the policy and each plaintiff's response to that policy will be a unique and inseparable part of the claim.

Certainly the existence of common questions, alone, will not satisfy the commonality requirement. *Price*, _ So.3d _. Rather, the commonality element requires a demonstration that "the class members' claims depend on a common contention, and that common contention must be one capable of class-wide resolution-one where the 'determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Id.* at _ (quoting *Wal-Mart Stores*, _ U.S. _, 131 S.Ct. 2541).

8

The evidence presented at the hearing reveals no manifest error in the trial court's factual finding as to this prerequisite. The record demonstrates that this matter is fairly straightforward in a factual sense considering the potentially large numbers of plaintiffs.[7] Each of the plaintiffs will have been injured and will have received services of the defendant. Each will be covered by a health insurance policy issued by a health insurance provider with whom Acadian Ambulance was a contracted health care provider. In each instance, Acadian Ambulance will have determined that a third party was at fault in the accident and, pursuant to its internal policy, Acadian Ambulance will have, at least, pursued payment through the plaintiff or his or her attorney at a rate exceeding the contracted reimbursement rate with the health insurer. To the extent that the plaintiffs responded to Acadian Ambulance's demand differently, and hence facts exist outside the common nucleus of operative facts, this differentiation is largely reflected in the subclasses identified by the trial court. Further, each claim shares a common issue that is central to the validity of each claim, i.e., whether Acadian Ambulance's policy violated La.R.S. 22:1871, et seq.

This assignment lacks merit.

Typicality

Acadian Ambulance also questions the trial court's determination under La.Code Civ.P. art. 591(A)(3) that "[t]he claims or defenses of the representative parties are typical of the claims or defenses of the class." It has been noted that this element is satisfied if the class representative claims arise out of the same event, practice, or course of conduct giving rise to the claims of the other class members and those claims arise from the same legal theory. *Lejeune v. Gioe*, 08-

_____

[7] The Acadian Ambulance representative testified that the patients billed pursuant to the subject policy has exceeded five hundred per year since January 2000.

9

1452 (La.App. 4 Cir. 9/30/09), 21 So.3d 1042, *writ denied*, 09-2363 (La. 1/8/10), 24 So.3d 875.

Acadian Ambulance representative, Debra Martin, was questioned at the certification hearing regarding the defendant's policy of billing for cases in which it was determined that a third party was at fault. It is clear that the application of this policy, and the propriety of this policy, gives rise to the cause of action advanced by both the class representatives and the potential members of the class. While Acadian Ambulance asserts that this testimony was insufficient to satisfy this prerequisite, we find no merit in this argument. Rather, the straightforward and succinct nature of the questioning and testimony in this regard revealed the consistency of the application of the policy. Accordingly, we find no manifest error in the trial court's finding with regard to this element.

Adequate Representation

In its final argument under La.Code Civ.P. art. 591(A), Acadian Ambulance contests the trial court's determination that the proposed class certification offered adequacy of class representation. *See* La.Code Civ. art. 591(A)(4) (which requires proof that "[t]he representative parties will fairly and adequately protect the interests of the class").

In *Mathews v. Hixson Bros., Inc.*, 02-124, p. 12 (La.App. 3 Cir. 7/31/02), 831 So.2d 995, 1003, *writ denied*, 02-2286 (La. 12/13/02), 831 So.2d 984, a panel of this court explained that the test generally applied in considering the adequacy of representation element requires: "(1) the absence of conflicting or antagonistic claims between the representatives and the other class members; (2) the representatives' sufficient interest in the outcome to insure vigorous advocacy; and (3) competent, experienced, and qualified counsel." Acadian Ambulance does not address the trial court's finding regarding the qualifications and interest of the

10

representatives. Instead, Acadian Ambulance points to an absence of evidence regarding the qualifications of counsel.

Reference to the trial court's reasons for ruling indicate a focus on the qualifications of the class representatives. The trial court did not address the qualifications of the class counsel. Simply, the trial court designated the plaintiffs' attorneys appearing before the court as class counsel. Other than the apparent representation of their clients before the court, no evidence was produced regarding their qualifications. While we are not unmindful of the lack of positive evidence regarding class counsel, we ultimately find no manifest error in the trial court's determination that the plaintiffs proved adequacy of representation under Article 591(A)(4) or in the designation of class counsel. Instead, the evidence regarding the qualifications and interest of the representatives was strong and the surrounding circumstances of the attorney's representation supported a determination that counsel was competent to represent the class.

This assignment lacks merit.

*La.Code Civ.P. art. 591(B)*

As explained above, after the trial court found that the prerequisites of Article 591(A) were met, it turned to consideration of the factors set forth in Paragraph (B). Considering the nature of the case, the trial court determined that the matter was maintainable as a class action under both Paragraph (B)(1) and Paragraph (B)(3). Acadian Ambulance questions both of those conclusions.

Paragraph (B)(1)

The trial court's written reasons made brief reference to La.Code Civ.P. art. 591(B)(1), which provides that an action may be maintained as a class action if, in addition to the prerequisites: "The prosecution of separate actions by or against individual members of the class would create a risk of: (a) Inconsistent or varying

11

adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class[.]" In commenting on this provision, the trial court briefly remarked that "[v]arying rulings on whether or not Acadian's policy/procedure violates the Billing Act would establish incompatible standards of conduct for Acadian."[8] However, Acadian Ambulance correctly notes that the supreme court has remarked that Paragraph (B)(1)(a) is generally inappropriate for cases involving individualized money claims. *See Dupree*, 51 So.3d at 681, n. 6. The limited jurisprudential guidance as to Paragraph (B)(1)(a) does, in fact, appear to be geared toward non-monetary claims rather than the type of damages case involved here. Thus, we turn to consideration of Paragraph (B)(3), where this claim is more appropriately analyzed.

Paragraph (B)(3)

This provision, more fully discussed by the trial court, indicates that an action may be maintained as a class action if:

> The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:
>
> (a)    The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
>
> (b)    The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
>
> (c)    The desirability or undesirability of concentrating the litigation in the particular forum;
>
> (d)    The difficulties likely to be encountered in the management of a class action;

---

[8] The reasons for ruling erroneously refer to Article 591(B)(1)(b) rather than Article 591(B)(1)(a). The substance of the trial court's statement clear addresses Subparagraph (a) however.

(e)     The practical ability of individual class members to pursue their claims without class certification;

(f)     The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation[.]

Acadian Ambulance contends that the plaintiffs failed to prove that "questions of law or fact common to the members of the class predominate over any questions affecting individual members" and, thus, the class action cannot be maintained under Paragraph (B)(3). It asserts that this argument constitutes the most compelling reason to deny certification.

With regard to Paragraph(B)(3), the trial court explained that:

There is little proof on liability or causation necessary in this case that is individual to each claimant. Plaintiffs' claims do not require highly individualized inquiries to the cause of the damages. The alleged damages were caused by Acadian acting pursuant to its policy and procedure. The eventual question for the trier of fact is whether or not Acadian's actions violated the Billing Act. This class will not degenerate into individual trials. In this case, once the trier of fact determines that Acadian's actions pursuant to its policy/procedure does or does not violate the Billing Act, liability and causation for all class members is decided.

The record supports this appreciation of the respective weights of the issues. This is not a case involving multiple causative elements for the alleged liability and resulting damages. Instead, the case fundamentally revolves around the interplay of Acadian Ambulance's billing policy with La.R.S. 22:1871, et seq. If the court eventually resolves this single, paramount, issue in favor of the plaintiffs, the remaining issues individual to the class members are seemingly ones of accounting insofar as they relate to calculation of damages. According to the Acadian Ambulance representative, the pertinent billing records can be retrieved from the defendant's system. There is no indication that consideration of this type of issue,

particular to the plaintiffs, would require individual trials or be unduly burdensome.

For these reasons, we leave the trial court's finding regarding certification under La.Code Civ.P. art. 591(B)(3) undisturbed. This assignment lacks merit.

## DECREE

The judgment of the trial court is affirmed. All costs of this proceeding are assessed to the appellant, Acadian Ambulance Service, Inc.

**AFFIRMED.**