# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-261


GLORIA VALLARE, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

VERSUS

VILLE PLATTE MEDICAL CENTER, LLC AND
LOUISIANA HEALTH SERVICE AND
INDEMNITY COMPANY D/B/A BLUE CROSS
AND BLUE SHIELD OF LOUISIANA


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 72711-A
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## J. DAVID PAINTER
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of J. David Painter, James T. Genovese, and Phyllis M. Keaty, Judges.


**AFFIRMED AS AMENDED.**

**Kurt S. Blankenship**
**Robert I. Baudouin**
**Blue Williams, L.L.P.**
**3421 North Causeway Blvd., Ninth Floor**
**Metairie, LA 70002**
**(504) 830-4938**
**COUNSEL FOR DEFENDANT-APPELLANT:**
     **Ville Platte Medical Center**

**Scott Bickford**
**Lawrence J. Centola, III**
**Jason Z. Landry**
**Martzell & Bickford**
**338 Lafayette Street**
**New Orleans, LA 70130**
**(504) 581-9065**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
     **Gloria Vallare**

**Derrick G. Earles**
**The Laborde Law Firm**
**306 North Washington Street**
**Marksville, LA 71351**
**(318) 777-7777**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
     **Gloria Vallare**

**J. Lee Hoffoss, Jr.**
**Claude P. Devall**
**Donald W. McKnight**
**Hoffoss Devall, LLC**
**3205 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-2053**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
     **Gloria Vallare**

**J. Clemille Simon**
**Simon Law Offices**
**122 Representative Row**
**Lafayette, LA 70505**
**(337) 232-2000**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
     **Gloria Vallare**

**Charles A. O'Brien**
**5525 Reitz Avenue**
**Baton Rouge, LA 70890**
**(225) 295-2454**
**COUNSEL FOR DEFENDANT:**
     **Blue Cross and Blue Shield**

**PAINTER, Judge.**

Defendant, Ville Platte Medical Center, LLC (VPMC), appeals the trial court's certification of a class action in a suit involving allegations of unlawful billing practices. For the reasons that follow, we amend the class certification and affirm the trial court's ruling as amended.

## FACTS AND PROCEDURAL HISTORY

Gloria Vallare was involved in a car accident and received treatment for injuries received therein at Acadian Medical Center in Eunice, Louisiana. Acadian Medical Center is a "branch campus" of VPMC. The bill for her treatment was $3,424.00. Vallare alleges that she had health insurance through Louisiana Health Service and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana (Blue Cross) but that instead of billing her insurance carrier, VPMC sent a notice of lien to Farm Bureau Insurance, the insurer of the other party involved in the car accident. Pursuant to the lien, Farm Bureau issued a check made payable to Vallare and the hospital. Vallare took the position that the hospital was in violation of its agreement with Blue Cross by demanding an amount in excess of the contracted reimbursement rate set forth in the provider agreement. Vallare, individually and on behalf of all others similarly situated (Plaintiffs), filed suit against VPMC for violations of La.R.S 22:187. Blue Cross was also made a defendant, and the claims against it were based on allegations that it did not enforce its provider agreement with VPMC.

In due course, Plaintiffs sought to have the class certified. The trial court held an evidentiary hearing and granted the motion to certify the class. The class was defined as follows:

> All persons from January 1, 2004[,] to June 18, 2013[,] who received "covered health care services" as defined by La. R.S. 22:1874(8) provided by Eunice Community Medical Center/Acadian Medical

Center and all persons since April 1, 2010[,] who received "covered health care services" as defined by La.R.S. 22:1874(8) from VILLE PLATTE MEDICAL CENTER and its predecessors ("VPMC["]); and at the time of the covered health care services had "Health Insurance Coverage" as defined by La. R.S. 22:1874(18); and from whom VPMC attempted to recover any amount in excess of the "contracted reimbursement rate" as defined by La. R.S. 22:1874(7) and/or who paid VPMC in any manner including but not limited to liability insurance proceeds and/or from proceeds of a settlement or judgment, an amount in excess of the "contracted reimbursement rate" either directly and/or through their attorney and/or through a liability insurance carrier and/or any third party.

This class is composed of the following subclasses:

"*Attempt to Recover*" *subclass:* A subclass of persons who received covered health care services, and who had health insurance coverage, and from whom VPMC attempted to recover any amount in excess of the "contracted reimbursement rate" from January 1, 2004 [,] through June 18, 2013.

*Payor subclass*: A subclass of persons who received covered health care services, and who had health insurance coverage, and/or who paid VPMC in any manner including but not limited to liability insurance proceeds and/or from proceeds of a settlement or judgment, an amount in excess of the "contracted reimbursement rate" either directly and/or through their attorney and/or through a liability insurance carrier and/or any third party, from January 1, 2004[,] through June 18, 2013.

VPMC now appeals,[1] asserting that THE trial court erred in granting Plaintiff's motion to certify class because she is not an appropriate class representative because she fits only within the definition of one of the two subclasses certified by the court and because she cannot represent individuals treated at a completely different hospital under completely different ownership. VPMC further asserts that the trial court erred in certifying the class where Plaintiff failed to establish numerosity and predominance. Finally, VPMC urges us to follow the second circuit's recent decision in *Baker v. PHC-Minden, LP*, 49,122

---

[1] While Blue Cross also opposed the motion to certify the class, Blue Cross has not appealed the granting of that motion.

(La.App. 2 Cir. 8/13/14), 146 So.3d 921, wherein that court ruled that it should deny class certification when presented with novel and untested legal theories.

## DISCUSSION

This court has previously set forth the applicable standard of review as follows:

> On review of the class certification, we are mindful that an appellate court considers the trial court's factual findings under the manifest error standard of review, and the trial court's ultimate decision as to whether to certify a class under the abuse of discretion standard. Additionally, the appellate court considers de novo whether the trial court applied the correct legal standard.

*Desselle v. Acadian Ambulance Serv., Inc.*, 11-742, p. 8 (La.App. 3 Cir. 2/1/12), 83 So.3d 1243, 1250, *writ denied*, 12-518 (La. 4/13/12), 85 So.3d 1253 (citations omitted).

The prerequisites to maintaining a class action are set forth in La.Code Civ.P. art. 591:

> A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
>
> (1) The class is so numerous that joinder of all members is impracticable.
>
> (2) There are questions of law or fact common to the class.
>
> (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
>
> (4) The representative parties will fairly and adequately protect the interests of the class.
>
> (5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case. This prerequisite shall not be satisfied if it is necessary for the court to inquire into the merits of each potential class member's cause of action to determine whether an individual falls within the defined class.

3

B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:

(1) The prosecution of separate actions by or against individual members of the class would create a risk of:

(a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(b) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:

(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;

(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(c) The desirability or undesirability of concentrating the litigation in the particular forum;

(d) The difficulties likely to be encountered in the management of a class action;

(e) The practical ability of individual class members to pursue their claims without class certification;

(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation; or

(4) The parties to a settlement request certification under Subparagraph B(3) for purposes of settlement, even though the requirements of Subparagraph B(3) might not otherwise be met.

C. Certification shall not be for the purpose of adjudicating claims or defenses dependent for their resolution on proof individual to a member of the class. However, following certification, the court shall retain jurisdiction over claims or defenses dependent for their resolution on proof individual to a member of the class.

The party who wants the class certified bears the burden of establishing that the relevant criteria have been met. *Duhe v. Texaco, Inc.*, 99-2002 (La.App. 3 Cir. 2/7/01), 779 So.2d 1070, *writ denied*, 01-637 (La. 4/27/01), 791 So.2d 637. VPMC asserts that the named plaintiff does not fit the definition of the payor subclass, that the named plaintiff cannot represent patients from another hospital, that the named plaintiff cannot represent patients insured by another health insurer, that numerosity is not established, that typicality is not established, that there is no identifiability of class members, that predominance has not been established, and that class actions are not appropriate for novel/untested liability claims.

In *Desselle*, 83 So.3d 1243, this court certified a class action where the claim concerned Acadian Ambulance's policy of attempting to recover its full rate for services from the patients' settlement or judgment with the tortfeasor rather than attempting to recover the discounted rate contracted for between itself and the patient's health insurer. The class definition used in this case is very similar to that approved by this court in *Desselle*.

VPMC asserts that the named plaintiff is not a proper class representative because she does not fit within the definition of the payor subclass and cannot represent patients from another hospital or insured by someone other than Blue Cross. We agree with Plaintiffs that the subclasses do not represent different issues. The only difference is that one class is seeking reimbursement for sums paid. There is one issue: whether the billing practice violated La.R.S. 22:1874.

However, we recognize that while Plaintiff represents the overall class, she is not a member of both subclasses. The Louisiana Supreme Court has stated "that any errors to be made in deciding class action issues should be in favor of and not against the maintenance of the class action, because a class certification is 'always' subject to modification or decertification 'if later developments during the course of the trial so require.'" *Dupree v. Lafayette Ins. Co.*, 09-2602, p. 7 (La. 11/30/10), 51 So.3d 673, 679 (quoting *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir.1996)). Thus, we uphold the certification of the class but amend the definition to delete the subclasses. There is no claim that the class representative is attempting to represent persons treated at facilities other than those owned and operated by VPMC.

Tracey Young, the Business Office Director for Acadian Medical Center at the relevant time, testified at the hearing on class certification. She testified that it was "standard practice" to consider liability insurance, if any, as the primary payor and health insurance as secondary such that full payment was sought and that if the liability insurer did not pay, the health insurance would then be billed for the contractual reimbursement amount. Young also testified that the lien against the liability insurer would not be cancelled even if the health insurer paid the charges. Young's testimony also established that it did not matter whether an insurer other than Blue Cross was involved; the practice was the same. Young also testified that more than one hundred patients involved in car accidents per facility were billed this way during the years 2004 to 2010 and 2010 to 2012.

The numerosity requirement does not have a strict numbers threshold, rather it is based on the facts and circumstances of each case and requires a showing that "joinder is impractical and there is a definable group of aggrieved persons." *Doe v. Southern Gyms, LLC*, 12-1566, p. 12 (La. 3/19/13) 112 So.3d 822, 831. In this

6

case, the testimony and evidence show that the class is easily definable and that its members are easily identifiable and that there are a sufficient number of aggrieved parties such that joinder is impractical.

> [T]he predominance requirement is more demanding than the commonality requirement, because it "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class," a process that ultimately "prevents the class from degenerating into a series of individual trials."

*Dupree*, 51 So.3d at 683 (quoting *Brooks v. Union Pac. R. Co.*, 08-2035, p. 19 (La.5/22/09), 13 So.3d 546, 560)). In *Price v. Martin*, 11-853, p. 21 (La. 12/6/11), 79 So.3d 960, 975 (quoting *Wal-Mart Stores, Inc. v. Dukes*, ___ U.S. ___, 131 S.Ct. 2541, 2551 (2011)), the Louisiana Supreme Court held that in order for a case to proceed as a class action, "there must be 'significant proof,' subject to 'rigorous analysis,' of a common question--one where the 'determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" In this case, the predominance requirement is unquestionably met because there is but one question as to all of the claimants: whether the billing practice violated La.R.S. 22:1874.

The typicality requirement "is satisfied if the class representative['s] claims arise out of the same event, practice, or course of conduct giving rise to the claims of the other class members[,] and those claims arise from the same legal theory." *Desselle*, 83 So.3d at 1251. As in *Desselle*, we recognize that the "straightforward and succinct nature of the questioning and testimony" of the witness in the case at bar "revealed the consistency of the application of the policy." *Id*. Therefore, we find no manifest error in the trial court's finding that the typicality requirement is met.

Finally, VPMC urges us to follow the reasoning of the second circuit in *Baker*, 146 So.3d 921. In that case, the second circuit reversed the trial court's certification of a class in a situation similar to the case at bar. The plaintiffs in *Baker* alleged that Minden Medical Center had a policy "for billing insured patients involved in motor vehicle accidents where a third party is liable for the crash" such that even if the hospital received payment from the injured party's insurance, it still "attempted to collect the full rate from the patient's settlement through the patient's attorney and the liability insurer using medical liens filed pursuant to La.R.S. 9:4752." *Id.* at 922. The second circuit noted that *Desselle*, 83 So.2d 1243, was "rendered prior to an understanding of whether a plaintiff even had a private right of action under the Act" and found that certification of the class was improper because "novel and untested legal theories" were involved. *Baker*, 146 So.3d 921, 929.

We respectfully disagree with the second circuit's assertion that "novel and untested legal theories" are involved in the determination of whether a billing practice violates La.R.S. 22:1874. *Desselle*, from our own circuit, deals with a similar issue and is a two-year-old case in which the Louisiana Supreme Court has denied writs. In fact, the *Baker* case itself recognizes that "plaintiffs have armed themselves with this language and have brought lawsuits all across this State against hospitals such as MMC, alleging violations under the Act." *Id.* at ___. Thus, the issue is hardly novel. Accordingly, we decline to follow *Baker*[2] and find that VPMC's argument in this regard is without merit.

For the foregoing reasons, we find no error in the trial court's granting of Plaintiffs' motion to certify class in this case.

---

[2] Under the "law of the circuit" rule, this second circuit decision is neither binding upon this court nor controlling authority in this case, but rather is persuasive only. *See Hagan v. Hagan*, 10-1432 (La.App. 3 Cir. 7/27/11), 70 So.3d 1081.

**DECREE**

We hereby affirm the trial court's certification of the class but amend the definition to delete the subclasses. As amended, the judgment of the trial court is affirmed. All costs of this proceeding are assessed to the appellant, Ville Platte Medical Center.

**AFFIRMED AS AMENDED.**