STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-710


DENNIS GIBSON, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY SITUATED

VERSUS

NATIONAL HEALTHCARE OF LEESVILLE,
INC., D/B/A BYRD REGIONAL HOSPITAL


**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 93,228
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Candyce G. Perret, Judges.


**AFFIRMED.**

**Scott R. Bickford**
**Lawrence J. Centola, III**
**Martzell, Bickford & Centola, PC**
**338 Lafayette St.**
**New Orleans, LA 70130**
**(504) 581-9065**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
> **Dennis Gibson**

**Edwin Dunahoe**
**Jared Dunahoe**
**The Dunahoe Law Firm**
**P. O. Box 607**
**Natchitoches, LA 71458-0607**
**(318) 352-1999**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
> **Dennis Gibson**

**Derrick G. Earles**
**Laborde Earles Law Firm**
**203 Energy Parkway, Building B**
**Lafayette, LA 71351**
**(337) 777-7777**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
> **Dennis Gibson**

**J. Lee Hoffoss, Jr.**
**Claude P. Devall**
**Donald W. McKnight**
**Hoffoss Devall, LLC**
**517 W. College Street**
**Lake Charles, LA 70605**
**(337) 433-2053**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
> **Dennis Gibson**

**David R. Kelly**
**Thomas R. Temple, Jr.**
**Chris D. Billings**
**Breazeale, Sachse & Wilson, L.L.P.**
**P. O. Box 3197**
**Baton Rouge, LA 70821-3197**
**(225) 387-4000**
**COUNSEL FOR DEFENDANT/APPELLANT:**
> **National Healthcare of Leesville, Inc. D/B/A Byrd Regional Hospital**

**EZELL, Judge.**

This case raises the issue of whether certification of a class action under La.R.S. 22:1874, the Balance Billing Act, was proper. National Healthcare of Leesville, Inc. D/B/A Byrd Regional Hospital (Byrd Regional) appeals the decision of the trial court arguing that the trial court failed to conduct a rigorous analysis of all the elements for class certification. For the following reasons, we affirm the trial court's decision.

## FACTS

Dennis Gibson was injured in an accident on April 25, 2011, when a car ran into the motorcycle he was driving. He was taken to Byrd Regional for treatment. At the time of his admission, Mr. Gibson's account was designated as Financial Class "L" which stood for "liability" and meant he had been in a motor vehicle accident. The intake sheet at Byrd Regional noted that Mr. Gibson worked for the Louisiana Department of Agriculture and Forestry in DeRidder. Mr. Gibson was covered by health insurance with the State of Louisiana, Office of Group Benefits. That insurance was provided by Blue Cross and Blue Shield of Louisiana.

Linda Davis, director of patient financial services with Byrd Regional since 1996, testified at the hearing on class certification. She explained that prior to 2013, Byrd Regional was instructed to bill the motor vehicle insurance company as primary. This policy was effective in 2005. After July 1, 2013, the health insurer was billed as primary. Ms. Davis explained that Byrd Regional is a contracted healthcare provider for various health insurance companies, including Blue Cross. She stated that a Membership Provider Agreement spelled out the obligations between Blue Cross and Byrd Regional, and Byrd Regional agreed to accept the health insurance rate in accordance with the contract. This is known as the

contracted reimbursement rate, which is less than the charge master rate, or total charge.

Michael Lynch, the lien unit department manager for Professional Account Services Incorporated, (PASI), also testified at the hearing. He explained that PASI handles claims for hospitals involving automobile accidents. PASI will run a query on the hospital system looking for accounts that indicate there was a motor vehicle accident, or Class "L" accounts. PASI will then begin working the case by filing a lien against the at-fault insurer. This occurs before any attempt to collect from the health insurer. "This practice of rejecting insurance and collecting or attempting to collect full charges is referred to as 'balance billing' and is prohibited by law." *Emigh v. West Calcasieu Cameron Hosp.*, 13-2985, p. 2 (La. 7/1/14), 145 So.3d 369, 371; La.R.S. 22:1874.

In Mr. Gibson's case, the total charges were $5,292.55. A notice of hospital lien was filed against Farm Bureau Insurance Company, the liability insurer of the at-fault driver, on May 6, 2011. On December 2, 2011, Farm Bureau paid the entire bill, which is more than Blue Cross would have paid pursuant to the contracted reimbursement rate. Byrd Regional released the lien on December 14, 2011.

On July 25, 2016, Mr. Gibson, individually and on behalf of others similarly situated, filed a class action suit for damages against Byrd Regional. Mr. Gibson asserted statutory violations and breach of contract claims. Specifically, Mr. Gibson alleged that Byrd Regional improperly refused to submit medical bills to patient's health insurers and attempted to collect payment from patients in violation of Louisiana's Balance Billing Act, La.R.S. 22:1871 to 22:1881, and in violation of the Member Provider Agreement.

2

After the hearing on September 28, 2017, the trial court certified this matter as a class action. Reasons for ruling were issued on October 10, 2017, and judgment was signed on October 27, 2017. The class was defined as (alterations in original):

All persons currently and/or formerly residing in the State of Louisiana during the period from May 1, 2005 to July 1, 2013:

(1) Having "Health Insurance Coverage' [as defined by La. R.S. 22:1872(18)] providing coverage for themselves or for others for whom they are legally responsible, with any "Health Insurance Issuer" [as defined by La. R.S. 22:11872(19)] at the time "covered health care services" [as defined by La. R.S. 22:1872(8)] were provided by any company owned and/or operated by **BYRD**; and,

(2) With which "Health Insurance Issuer" and company owned and/or operated by **BYRD** was a "contracted health care provider" at the time of service [as defined by La. R.S. 22:1872(6)]; and,

(3) From whom **BYRD** and/or any company owned and/or operated by **BYRD** collected, and/or attempted to collect, the "Health Insurance Issuer's Liability" [as defined by La. R.S. 22:1872(20)], including, but not limited to, any collection or attempt to collect from any settlement, judgment or claim made against any third person or insurer who may have been liable for any injuries sustained by the patient which insurers include those providing liability coverage to third person, uninsured/underinsured coverage, and /or medical payments coverage); and/or,

(4) From whom **BYRD** and/or any company owned and/or operated by **BYRD**, collected, and/or attempted to collect, any amount in excess of the "Contracted Reimbursement Rate" [as defined by La. R.S. 22:1872(7)], including but not limited to, any collection or attempt to collect from any settlement, judgment, or claim made against any third person or any insurer which may have been liable for any injuries sustained by the patient (which insurers include those providing liability coverage to third person, uninsured/underinsured coverage, and/or medical payments coverage); and/or

(5) From whom **BYRD** and/or any company owned and/or operated by **BYRD** collected, and/or attempted to collect,

3

> any amount without first receiving an explanation of benefits or other information from the Health Insurance Issuer setting forth the liability of the insured as required by La. R.S. 22:1874(A)(2) and (3).

Byrd Regional filed a motion for new trial on November 9, 2017. A hearing on the motion for new trial was held on March 1, 2018. The motion was denied, and judgment was signed on March 26, 2018. Byrd Regional then filed the present appeal claiming that Mr. Gibson did not meet his burden of proof under La.Code Civ.P. art. 591 to certify the class and the trial court abused its discretion when it granted Mr. Gibson's motion to certify the class.

## CLASS CERTIFICATION

In *Baker v. PHC-Minden, L.P.*, 14-2243, p. 23 (La. 5/5/15), 167 So.3d 528, 544, the supreme court specifically held that "the class action is the superior method for adjudicating the common issue regarding the legality, under the Balance Billing Act, of a health care provider's collection policy of filing medical liens to recover its full rate for services from an insured's settlement or judgment with a third-party [tort feasor]." Louisiana Code Civil Procedure Article 591 sets forth the requirements for class certification. Specifically, La.Code Civ.P. art. 591(A) provides for five prerequisites that a representative party or parties must meet for class certification "often referred to as numerosity, commonality, typicality, adequacy of representation, and objective definability of class[.]" *Baker*, 167 So.3d at 538. Furthermore, in a Balance Billing Act class certification case, a party must also "prove common questions of law or fact predominate over individual issues[.]" *Id.* at 539. On appeal, Byrd Regional claims that Mr. Gibson was unable to meet his burden of proof with respect to the numerosity, adequacy, and predominance elements.

4

"The burden of establishing the statutory criteria have been satisfied falls on the party seeking to maintain the class action." *Id.* A trial court has wide discretion in determining whether a class should be certified, and its factual findings are subject to the manifest error standard of review. *Id.* "What is of primary concern in the certification proceeding is simply whether the plaintiffs have met the statutory requirements to become a class action, **not** the merits of the underlying litigation." *Id.* at 541(alteration in original). "[A] court's focus on review must be on the requirements and whether the evidence establishes the procedural device is appropriate." *Id.*

The supreme court in *Baker* has already determined that the class action is a proper procedural device for a claim alleging violations of the Balance Billing Act by healthcare providers. Therefore, we will review the trial court's determinations regarding the statutory requirements that Byrd Regional alleges Mr. Gibson failed to establish under La.Code Civ.P. art 591 pursuant to the manifest error standard of review.

**Numerosity**

Byrd Regional first claims that Mr. Gibson failed to submit any evidence as to the likely number of potential claimants and improperly relied on an assumption that the potential claimants are so numerous that joinder is impractical.

A court must look at the facts and circumstances of each individual case to determine numerosity. *Baker*, 167 So.3d 528. "This requirement reflects the basic function of the class action as a device for allowing a small number of persons to protect or enforce rights or claims for the benefit of many where it would be inequitable and impracticable to join every person sharing an interest in the rights or claims at issue in the suit." *Id.* at 542.

There is no set number above which a class is automatically considered so numerous as to make joinder impractical as a matter of law. Likewise, the numerosity element may not be met by simply alleging a large number of potential claimants exist. While the determination of numerosity is in part based upon the number of putative class members, it is also based upon considerations of judicial economy in avoiding a multiplicity of lawsuits, financial resources of class members, and the size of the individual claim. Ultimately, to meet this requirement, the plaintiff must show joinder is impractical, but, at the same time, there is a definable group of aggrieved persons.

*Id.* (citations omitted).

Mr. Gibson introduced Exhibit 9 at the hearing, which was provided by Byrd Regional. Ms. Davis explained that Exhibit 9 is a list generated by Byrd Regional that lists over 600 patients who were treated after motor vehicular accidents and were both "L" and Occurrence Code 01, indicating that another vehicle was involved and that there may be a liability claim. The trial court found that there may be as many as 600 patients based on this list. As noted by Byrd Regional, this exhibit does list a few claims that are outside the period of time when the classification policy was in place.

Byrd Regional claims that the list is not limited to accounts on which liens were issued to patients with health insurance. It claims that the list includes all self-pay accounts, patients insured under a fully-funded ERISA policy, uninsured patients, and all patients covered under Medicare, Medicaid, or some other government sponsored program. Byrd Regional argues that the class definition does not include these patients and, as such, the list is broad and over-inclusive. As a result, it claims that Mr. Gibson failed to establish that the class is so large that joinder would be impractical.

Clearly, of these 600 patients, there are numerous patients who were treated at Byrd Regional for motor vehicular accidents and liens were issued on the

liability policy as primary when health insurance was involved. While Mr. Lynch testified that there is nothing in PASI's software that would allow it to identify Class "L" accidents where only health insurance was involved, he agreed that it would not necessarily be a problem for Byrd Regional. Even Byrd Regional's own Hospital Lien Policy regarding motor vehicle accidents with liability provided what information should be noted at registration for a patient involved in a motor vehicle accident. It required notation of whether a patient had Blue Cross insurance, other auto/liability insurance, no insurance, did not know the specific insurance, or no insurance.

Ms. Davis explained that Byrd Regional labeled all motor vehicle accidents as Class "L" resulting in the liability insurance policy as primary over the health insurance policy. She testified that from May 2005 to July 1, 2013, this policy had been implemented at the hospital more than 100 times. So, we know more than 100 names on the list would qualify as members of this class.

Also, many of the amounts listed in Exhibit 9 are relatively small so considerations of judicial economy come into play. As noted by the supreme court in *Baker*, 167 So.3d at 542, "many claims may be small or nominal in nature, rendering individual actions financially impractical, if not impossible." We find no manifest error in the trial court's conclusion that the numerosity requirement was met by Mr. Gibson.

**Adequacy of Representation**

Byrd Regional claims that Mr. Gibson is not capable of fairly and adequately protecting the interests of the purported class. It claims that there are aspects of his own claim that make his interests in direct conflict with those of the purported class. Specifically, Byrd Regional argues Mr. Gibson has no general damages

claim even though he is trying to pursue a general damages claim on behalf of the class. Byrd Regional also claims that Mr. Gibson's claim is subject to the defense of prescription.

There are factors that are relevant to the inquiry of whether Mr. Gibson will fairly and adequately protect the interests of the class:

> (1) The representative must be able to demonstrate that he or she suffered an actual-vis-à-vis hypothetical-injury;
>
> (2) The representative should possess first hand knowledge or experience of the conduct at issue in the litigation;
>
> (3) The representative's stake in the litigation, that is, the substantiality of his or her interest in winning the lawsuit, should be significant enough, relative to that of other class members, to ensure that representative's conscientious participation in the litigation; and
>
> (4) The representative should not have interests seriously antagonistic to or in direct conflict with those of other class members, whether because the representative is subject to unique defenses or additional claims against him or her, or where the representative is seeking special or additional relief.

*Baker*, 167 So.3d at 543-44 (quoting Kent A. Lambert, *Certification of Class Actions in Louisiana*, 58 La.L.Rev. 1085, 1117 (1998)).

The Balance Billing Act is a consumer protection law designed to prohibit health providers from "attempting to collect . . . or collect . . . an amount in excess of the contracted reimbursement rate for covered health care services. La.R.S. 22:1874(A). The supreme court in *Anderson v. Ochsner Health System*, 13-2970 (La. 7/1/14), 172 So.3d 579, held that La.R.S. 22:1874(B) grants a private cause of action to an insured to sue under the Balance Billing Act. Specifically, La.R.S. 22:1874(B) grants a prevailing party the right to "recover all costs incurred, including reasonable attorney fees and court costs" when a health care provider

maintains an action at law to collect an amount in excess of the contracted reimbursement rate.

While Mr. Gibson did testify that he had no worry or concern related to Byrd Regional's handling of his medical claim, the Balance Billing Act allows recovery of all costs incurred. There is no doubt that a medical lien was filed in Mr. Gibson's case and Farm Bureau, the liability insurer, paid the full amount sought. Mr. Gibson received notice of the medical lien from Byrd Regional and acknowledged that he never got the benefit of the discounted rate. He, like many others, will have a claim aside from mental health damages. Mr. Gibson agreed that at the time of his deposition, he was not very familiar with the Balance Billing Act or a class action. However, he testified that he now has a better understanding of the issues and process and is willing to serve as the class representative.

Byrd Regional also claims that Mr. Gibson is subject to the unique defense of prescription citing *Stewart v. Ruston Louisiana Hospital Co., L.L.C.*, 3:14-0083, p. 5 (W.D. La. 2016)(unpublished opinion), in which the federal court held "that the appropriate prescriptive period for a cause of action based on a violation of the Balanced [sic] Billing Act is one year." However, this court in *Vallare v. Ville Platte Medical Center*, 16-863, 16-953 (La.App. 3 Cir. 2/22/17), 214 So.3d 45, *writs denied*, 17-498, 17-513 (La. 5/12/17), 221 So.3d 73, specifically disagreed with *Stewart* and found that the cause of action involved a contract or quasi-contractual obligation and is not based on tort so that the proper prescriptive period is ten years.

Byrd Regional also takes issue with Mr. Gibson's failure to file suit against Blue Cross. Citing *Emigh*, 145 So.3d 369, Byrd Regional argues that Mr. Gibson has failed to pursue a claim against the health insurers for breach of contract. It

9

claims that should any claim against it be dismissed, then the class could pursue claims against the health insurers for breach of contract because Blue Cross's contract promises that a health care provider will provide care at discounted health care costs.

We first observe that the supreme court in *Emigh* simply held that the petition against the health insurers stated a cause of action under La.Civ.Code art. 1977 for breach of contract due to the failure of a third party to perform an obligation. The supreme court further stated that it was offering no opinion as to the success on the merits of the claim.

The fact that Mr. Gibson did not seek to sue his own health insurer does not render him an inadequate class representative for the claims against Byrd Regional. *See Gunderson v. F.A. Richard and Assocs., Inc.*, 07-264, 07-331, 07-400 (La.App. 3 Cir. 2/27/08), 977 So.2d 1128, *writs denied*, 0-1063, 08-1069, 08-1072 (La. 9/19/08), 992 So.2d 953.

We find no manifest error in the trial court's determination that Mr. Gibson is an adequate representative of the proposed class.

**Predominance**

Byrd Regional also claims the trial court failed to complete an analysis of the requirements of La.Code Civ.P. art. 591(B)(3), which requires Mr. Gibson to show that any common questions of law or fact predominate over the individual issues involved. It argues that there are numerous individual issues that will make it impossible for the court to ultimately determine liability and assess damages feasibly and efficiently across the class without conducting mini-trials. Mr. Gibson argues that class certification has been approved by this court and the supreme court even though there may be possible individual issues. He argues that there is

a common issue that predominates: Whether the Defendant's collection policy, which was applied to all plaintiffs, violates the prohibitions under the Balance Billing Act and the provider's contractual obligations under Louisiana law.

"An inquiry into predominance tests 'whether the proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Brooks v. Union Pacific R.R. Co.*, 08-2035, p. 19 (La. 5/22/09), 13 So.3d 546, 560 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 2249 (1997); *Vallare*, 151 So.3d 984. "The predominance requirement 'entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class,' a process that ultimately 'prevents the class from degenerating into a series of individual trials.'" *Brooks*, 13 So.3d at 560 (quoting *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003)).

We agree with the trial court that the issue of whether Byrd Regional's actions violated the prohibition found in the Balance Billing Act predominates over any individual claims. As we previously stated, many of the claims will be so small so as make individual actions impractical.

For the reasons set forth in this opinion, we affirm the trial court's judgment certifying this matter as a class action. All costs of this appeal are assessed to National Healthcare of Leesville, Inc. D/B/A Byrd Regional Hospital.

**AFFIRMED.**