364 So.2d 564 (1978)
Beulah H. LOUETTE
v.
SECURITY INDUSTRIAL INSURANCE COMPANY.
No. 62960.
Supreme Court of Louisiana.
November 10, 1978.
Writ denied.
TATE, J., concurs in the denial and assigns reasons.
TATE, Justice (concurring in denial).
I concur in the denial of review of the previous court's rulings that the present suit does not sufficiently show a common *565 right so as to justify a class action. Under the present pleadings, I do not believe the rulings were erroneous.
However, as indicated below, the plaintiff may easily amend her petition to delineate a proper class of claim with a common character to her own. The trial court could have sustained a class action, by itself limiting the class action to claims of this common character; but I am unable to say that it abused its discretion by dismissing the class action instead of so doing.
The pleaded facts show the following:
Plaintiff was the beneficiary of a burial insurance policy providing for payment of $600 funeral expenses for the named insured. La.R.S. 22:253 provides that such policies shall state the dollar value of the funeral to be furnished, and shall provide for cash payment if for any reason the beneficiary decides not to use the services of the insurer for the funeral. The beneficiary made such a claim, and the insurer declined to pay, on the basis that the policy provided that claims must be made within a year of death.
For reasons not at issue in this writ application, the trial court held the one-year defense to be valid, and dismissed the suit; the court of appeal reversed, holding that the only time limitation (under the facts of this case) was the ten-year prescriptive period for contracts. The court of appeal thus held that the plaintiff could maintain her suit, but not as a class action. 361 So.2d 1348 (La.App. 3d Cir. 1978).
The court of appeal conceded that two of the three requirements for a class action  a class so numerous that joinder is impossible, and parties who were adequate representatives of the class  were present. But the court held that there was no "common character of the right."
Using the factors outlined in Williams v. State, 350 So.2d 131 (La.1977), and derived from Stevens v. Board of Trustees, 309 So.2d 144 (La.1975), these factors would tend to make this right have a common enough character to be the basis for a class action:
 Small enough damages ($600 here) to make individual suits inconvenient.
 Easily calculable damages (so that the absent plaintiff is not left unprotected, insofar as the other parties might not represent him adequately on this issue, which may often not be very "common").
 A common issue of law, in that to the extent the company wrongfully withheld payment, they violated the same statute in each case  R.S. 22:253.
 Common facts: somebody died, somebody made a claim and did not get paid; and perhaps a course of conduct of selling many small burial insurance policies and then, after collecting small weekly, monthly, or annual charges over the years, denying payment on technical bases  with such small amounts at issue that the beneficiaries abandon their claims rather than sue.
However, under the present pleadings, a strong factor against the fairness of this suit being brought as a class action is, as the court of appeal noted, that the differing legal issues in many of the claims  that is, the differing reasons that the insurance company gave for not paying many of the policies  will predominate over the alleged common question (the violation of a conclusory statute that makes it illegal not to pay money in lieu of a funeral).
However, on the remand the plaintiff may easily cure this deficiency by an amendment to his petition, see La.C.Civ.P. arts. 934, 1153, so as to sustain her class action. See Stevens, cited above, at 309 So.2d 152.
If the "class" were defined as all those who were not paid because of the one-year prescription clause in the policy, I think it is apparent that there would be a common character of the right to the claim asserted by the plaintiff as the representative of a class. In my opinion, this would cure the objection to the class action reasonably found by the previous courts to bar it.
Accordingly, I concur in the denial of this application for certiorari.