STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-863 consolidated with 16-953


GLORIA VALLARE,  INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED

VERSUS

VILLE PLATTE MEDICAL CENTER, LLC,
AND
LOUISIANA HEALTH SERVICE AND INDEMNITY CO, d/b/a
BLUE CROSS BLUE SHIELD OF LOUISIANA



**********

APPLICATION FOR SUPERVISORY WRITS FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 72711-A
HONORABLE GARY J. ORTEGO, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and D. Kent
Savoie, Judges.


                                                        **WRITS DENIED.**


**Savoie, J., concurs and assigns reasons.**

Charles A. O'Brien, III
Alison N. Pham
Attorneys at Law
P. O. Box 98029
Baton Rouge, LA 70898-9029
(225) 295-2454
COUNSEL FOR DEFENDANT-APPLICANT:
Louisiana Health Service and Indemnity Co., d/b/a Blue Cross and Blue Shield of
Louisiana

Kurt S. Blankenship
Robert I. Baudouin
Amanda B. Bensabat
Blue Williams, L.L.P.
3421 North Causeway Blvd, Ninth Floor
Metairie, LA 70002
(504) 830-4938
COUNSEL FOR DEFENDANT-APPLICANT:
Ville Platte Medical Center, LLC

Scott R. Bickford
Lawrence J. Centola, III
Jason Z. Landry
Martzell & Bickford
338 Lafayette St.
New Orleans, LA 70130
(504) 581-9065
COUNSEL FOR PLAINTIFF-RESPONDENT:
Gloria Vallare

J. Lee Hoffoss, Jr.
Claude P. Devall
Donald W. McKnight
Hoffoss Devall, LLC
517 West College Street
Lake Charles, LA 70605
(337) 433-2053
COUNSEL FOR PLAINTIFF-RESPONDENT:
Gloria Vallare

J. Clemille Simon
Simon Law Offices
P. O. Box 52242
Lafayette, LA 70505
(337) 232-2000
COUNSEL FOR PLAINTIFF-RESPONDENT:
Gloria Vallare

Derrick G. Earles
Laborde Earles, LLC
P. O. Box 1559
Marksville, LA 71351
(318) 777-7777
COUNSEL FOR PLAINTIFF-RESPONDENT:
Gloria Vallare

**PICKETT, Judge.**

The relator-defendant, Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana (BCBS), seeks supervisory writs in our docket number 16-863 from the judgment of the trial court which overruled its exception of prescription.

The relator-defendant, Ville Platte Medical Center, LLC (VPMC), seeks supervisory writs in our docket number 16-953 from the judgment of the trial court which overruled its exception of prescription and denied its motion for summary judgment.

We have consolidated these writs for the purpose of issuing this opinion.

## STATEMENT OF THE CASE

The facts and procedural history of these cases were explained in a prior appeal in this matter, *Vallare v. Ville Platte Medical Center, LLC*, 14-261, pp. 1-2 (La.App. 3 Cir. 11/5/14), 151 So.3d 984, 985, *writ denied*, 15-121 (La. 8/28/15), 176 So.3d 401:

> Gloria Vallare was involved in a car accident and received treatment for injuries received therein at Acadian Medical Center in Eunice, Louisiana. Acadian Medical Center is a "branch campus" of VPMC. The bill for her treatment was $3,424.00. Vallare alleges that she had health insurance through Louisiana Health Service and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana (Blue Cross) but that instead of billing her insurance carrier, VPMC sent a notice of lien to Farm Bureau Insurance, the insurer of the other party involved in the car accident. Pursuant to the lien, Farm Bureau issued a check made payable to Vallare and the hospital. Vallare took the position that the hospital was in violation of its agreement with Blue Cross by demanding an amount in excess of the contracted reimbursement rate set forth in the provider agreement. Vallare, individually and on behalf of all others similarly situated (Plaintiffs), filed suit against VPMC for violations of [La.R.S 22:1874]. Blue Cross was also made a defendant, and the claims against it were based on allegations that it did not enforce its provider agreement with VPMC.

In due course, Plaintiffs sought to have the class certified. The trial court held an evidentiary hearing and granted the motion to certify the class. The class was defined as follows:

> All persons from January 1, 2004[,] to June 18, 2013[,] who received "covered health care services" as defined by La. R.S. 22:1874(8) provided by Eunice Community Medical Center/Acadian Medical Center and all persons since April 1, 2010[,] who received "covered health care services" as defined by La.R.S. 22:1874(8) from VILLE PLATTE MEDICAL CENTER and its predecessors ("VPMC["]); and at the time of the covered health care services had "Health Insurance Coverage" as defined by La. R.S. 22:1874(18); and from whom VPMC attempted to recover any amount in excess of the "contracted reimbursement rate" as defined by La. R.S. 22:1874(7) and/or who paid VPMC in any manner including but not limited to liability insurance proceeds and/or from proceeds of a settlement or judgment, an amount in excess of the "contracted reimbursement rate" either directly and/or through their attorney and/or through a liability insurance carrier and/or any third party.
>
> This class is composed of the following subclasses:
>
> ***"Attempt to Recover" subclass:*** A subclass of persons who received covered health care services, and who had health insurance coverage, and from whom VPMC attempted to recover any amount in excess of the "contracted reimbursement rate" from January 1, 2004[,] through June 18, 2013.
>
> ***Payor subclass:*** A subclass of persons who received covered health care services, and who had health insurance coverage, and/or who paid VPMC in any manner including but not limited to liability insurance proceeds and/or from proceeds of a settlement or judgment, an amount in excess of the "contracted reimbursement rate" either directly and/or through their attorney and/or through a liability insurance carrier and/or any third party, from January 1, 2004[,] through June 18, 2013.

VPMC appealed the class certification. The trial court's ruling certifying the class was affirmed on appeal, but the class definition was amended to delete the subclasses. *Vallare*, 151 So.3d 984.

2

On remand, BCBS filed an exception of prescription while VPMC filed an exception of prescription and a motion for summary judgment. Both exceptions of prescription were overruled, and the motion for summary judgment was denied following a hearing on September 22, 2016. A written judgment was signed on October 5, 2016. BCBS and VPMC are now before this court seeking supervisory review of the trial court's rulings.

## SUPERVISORY RELIEF

"A court of appeal has plenary power to exercise supervisory jurisdiction over trial courts and may do so at any time, according to the discretion of the court." *Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878, 878 (La.1981). "In cases in which a peremptory exception has been overruled by the trial court, the appellate court appropriately exercises its supervisory jurisdiction when the trial court's ruling is arguably incorrect, a reversal will terminate the litigation, and there is no dispute of fact to be resolved." *Charlet v. Legislature of State of Louisiana*, 97-0212 (La.App. 1 Cir. 6/29/98), 713 So.2d 1199, 1202, *writs denied*, 98-2023, 98-2026 (La. 11/13/98), 730 So.2d 934 (citing *Herlitz*, 396 So.2d 878). In such instances, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. *Herlitz*, 396 So.2d 878. "The supervisory jurisdiction of this court may also be 'exercised to reverse a trial court's denial of a motion for summary judgment and to enter summary judgment in favor of the mover.'" *Csaszar v. National Cas. Co.*, 14-1273, p. 3 (La.App. 3 Cir. 11/4/15), 177 So.3d 807, 809, *writ denied*, 15-2221 (La. 1/25/16), 185 So.2d

752 (quoting *Richard v. Swiber*, 98-1515, p. 4 (La.App. 1 Cir. 9/24/99), 760 So.2d 355, 358.)

**ON THE MERITS**

**VPMC's Exception of Prescription**

VPMC argues, first, that Vallare vaguely alleges the existence of a contract between her and BCBS, and there is no contract between Vallare and VPMC. Further, VPMC contends that "the mere existence of a contract between the parties does not indicate that an action is contractual in nature." *Carriere v. Jackson Hewitt Tax Service Inc.*, 750 F.Supp.2d 694, 705 (E.D. La. 11/3/10). "Even when a contract exists, unless a *specific* contract provision is breached, Louisiana treats the action as tort." *Richard v. Wal-Mart Stores, Inc.*, 559 F.3d 341, 345 (5th Cir. 2009)(citing *Trinity Universal Ins. Co. v. Horton*, 33,157 (La.App. 2 Cir. 4/5/00), 756 So.2d 637).

A central question in this litigation is whether VPMC and BCBS engaged in a prohibited practice called balance billing, as defined by La.R.S. 22:1874. The supreme court in *Emigh v. W. Calcasieu Cameron Hosp.*, 13-2985, p. 3 (La. 7/1/14), 145 So.3d 369, 371, explained that the "practice of rejecting insurance and collecting or attempting to collect full charges is referred to as 'balance billing' and is prohibited by [La.R.S. 22:1874]."

VPMC refers to a recent case, *Stewart v. Ruston Louisiana Hospital Company, LLC*, 2016 WL 1715192 (W.D. La. 2016), involving similar facts wherein the court found that the plaintiffs' claims, related to alleged violations of the Balance Billing Act, sounded in tort. The hospital in *Stewart* treated an insured minor for injuries sustained in an automobile accident. The hospital filed a medical provider's lien to recoup the amount owed for the services provided and

4

never billed the minor or her parents nor pursued collection of the amount owed. The minor and her parents filed suit as a class action approximately two years after services were rendered for violations of the Balance Billing Act and the Member Provider Agreement. The plaintiffs sought recovery of payments wrongfully made to the hospital, loss of profit damages, damages for emotional distress, mental anguish, and injunctive relief. The hospital subsequently filed a motion for summary judgment, arguing that the plaintiffs' cause of action was delictual in nature and subject to a one-year prescriptive period. Further, the hospital urged that the plaintiffs' claims had prescribed because they were filed more than one year past the date the plaintiffs knew of the violation.

In reaching its conclusion that one-year time limit was the appropriate prescriptive period, the court reasoned: (1) a violation of the act is unlawful and resembles an offense or quasi-offense; (2) the hospital's duty to the plaintiffs stems from a statute, not a contract; (3) the plaintiffs mostly seek remedies that sound in tort; (4) analogous laws, i.e., LUTPA, support a one-year prescriptive period; and, (5) considering *Anderson v. Oschner Health System*, 13-2970 (La. 7/1/14), 172 So.3d 579, the supreme court would conclude that violations of the Balance Billing Act are delictual in nature.

VPMC also asserts that the Balance Billing Act is a consumer protection statute, citing *Carriere*, 750 F.Supp.2d 694, wherein the court referenced Louisiana consumer protection statutes that contain a one-year prescriptive period. Additionally, VPMC contends that Vallare's claim for general damages under La.Civ.Code art. 2315 is subject to a one-year prescriptive period as provided in La.Civ.Code art. 3492; thus, if this court finds that general damages are allowed, the claim has prescribed.

In opposition, Vallare refers this court to *Emigh*, 145 So.3d 369, wherein an insured brought a putative class action against a hospital and health insurer for violations of the Balance Billing Act, La.R.S. 22:1874. The insurer's exception of no cause of action was overruled by the trial court which found that the plaintiffs had a cause of action against the insurer under La.Civ.Code art. 1977. Article 1977 reads:

> The object of a contract may be that a third person will incur an obligation or render a performance.
>
> The party who promised that obligation or performance is liable for damages if the third person does not bind himself or does not perform.

This court denied writs, and the supreme court granted writs and affirmed the trial court's ruling. In doing so, the supreme court reasoned:

> This civilian concept known as *promesse de porte-fort* contemplates a contract in which the object is that a third party will undertake a certain obligation; in the event of non-performance of that obligation by the third party, the promisor becomes liable to the promisee. Blue Cross, as mentioned above, argues the object of the contract is solely to pay for covered health care services. Delouche acknowledges that payment of covered medical bills is an obvious object of the contract, but she contends the object extends beyond mere payment based on the terms and conditions of the contract of insurance. Rather, the object is to also secure reduced health care costs and tender payment for those negotiated, discounted costs. We agree with Delouche.
>
> In this two-contract health care system that affects the majority of health insurance policies in this state, the insurance issuer, such as Blue Cross, promises to its insureds, such as Delouche, coverage and the availability of discounted rates based on the existence of its contract with its contracted providers, such as WCCH. The purpose of a health insurance contract and the very reason insureds obligate themselves to the payment of premiums and a restricted choice of in-network providers, is to receive coverage and the benefits of negotiated, reduced health care costs. To narrowly construe the object to mean only payment of covered charges, as Blue Cross argues, ignores the *raison d'etre* of the contract: an economic benefit to the insured. Holding otherwise is illogical based on the terms of this high deductible policy, where the promised reduced rate attaches the

6

instant a medical charge is incurred, regardless of whether a deductible has been satisfied. The insurance policy at issue promised that even the out-of-pocket expenses that count towards Delouche's deductible would be subject to a discount. If all that was promised by Blue Cross was coverage of the maximum amount, the incentive to have insurance, specifically a high deductible policy, dissipates insofar as the insured could simply pay the non-discounted bill herself without also incurring the costs of premiums. For these reasons, we find an object of the contract is the entitlement to discounted health care costs.

The actual billing of this promised, discounted charge is performed by a third party. Thus, Blue Cross is promising that a third party will render a performance, which fits squarely within the context of La. Civ.Code art. 1977.

*Id*. at 374-375 (footnotes omitted).

At the hearing in the matter before us, the trial court ruled from the bench on VPMC's exception of prescription as follows:

[C]onsidering the facts as alleged by the party, and specifically pursuant to the, I'm gonna list them, there's the contract between the patient, which was the plaintiff, and the provider, Ville Platte Medical Center, meaning not contract, as any contract, but services rendered and that flows from that. The contract between the patient and the health care insurer, which is not in this exception, but it's Blue Cross, BCBSLA, and the contract between the provider and the health insurer, if one, again this is as alleged. At this stage that's all the Court can go on by what is alleged. Uh, there are, these are the three contracts, and I use contract sometimes it's the actions like the plaintiff's service and the contract that results therefrom. As to the . . . reading thereof, and also as to certain statutes, which includes the Balance Bill Act and the Health Care Provider's Lien Statute. The Court considering all these factors . . . therefore finds that the plaintiff's claim, including the claim for general damage that may flow . . . therefrom at this stage. I'm not ruling that there is [sic] general damages or anything of that nature at this state [sic] as to the defendant's attempt to collect is pursuant [sic], and therefore, finding that it is in the contract law, and therefore it's a 10 year prescriptive period in this matter.

The trial court subsequently overruled VPMC's exception of prescription.

In the Class Action Petition for Damages, Breach of Contract, Declaratory Judgment and for Injunctive Relief, it states that "[t]he relevant time period dates

back to the commencement of the health care provider contract between VPMC and various health insurance issuers, which, upon information and belief, is January 1, 2000 to the present date, and continuing through the date of judgment." On the part of VPMC, Vallare alleges violations of La.R.S. 22:1874 (balance billing) and breach of contract. Vallare also alleges that VPMC failed to perform as promised by BCBS, leading to the detrimental reliance upon VPMC's promise to perform.

With regard to damages, Vallare seeks "repayment of the entirety of amounts collected by VPMC, for all overpayments, for mental anguish, worry and concern caused by wrongful collection practices and collections, loss of profits or use, out-of-pocket expenses, emotional distress, as well as all other damages allowed by law, along with penalties, attorney's fees, costs, and expenses allowed by law." Vallare asserts that VPMC and BCBS are solidarily liable for all damages attributable to breaches of law and contract by VPMC involving BCBS enrollees or insureds and that they are entitled to all damages penalties and attorney fees from BCBS for its failure to comply with the law and/or breach of contract with the plaintiffs.

Although Vallare does not identify a specific contract provision that was breached by VPMC, the act of balance billing involves Vallare's account with VPMC which encompasses Vallare's obligation to pay reasonable treatment charges that arise out of the underlying contractual relationship between Vallare as patient and VPMC as healthcare provider, not incurred as a result of a lien. *See Howard v. Willis-Knighton Med. Ctr.*, 40,634 (La.App. 2 Cir. 3/8/06), 924 So.2d 1245, *writs denied*, 06-850, 06-1064 (La. 6/14/06), 929 So.2d 1268, 1271. This contract includes an implied provision as described in La.Civ.Code art. 2054 that

8

VPMC will not balance bill its patients covered by a contracted health insurer. Article 2054 states that "[w]hen the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose."

We find that Vallare's cause of action involves a contract or quasi-contractual obligation as described by the supreme court in *Emigh*, 145 So.3d 369, and is not based in tort. Any other finding would be contrary to the public policy of protecting consumers from the illegal practice of balance billing, as recognized by the supreme court in *Anderson*, 172 So.3d 579. In *Anderson*, 172 So.3d at 586, the supreme court stated:

> [W]e find an implied private right of action exists under La. R.S. 22:1871, *et seq.* based on (1) the legislature's failure to expressly prohibit an individual remedy; (2) the legislative intent to protect consumers; and (3) the constitutional right of access to the courts in order to seek personal relief. Furthermore, we find an express private right of action exists under La. R.S. 22:1874(B) because Ochsner's act of asserting a lien amounts to "maintaining an action at law," which triggers the availability of a private suit. Accordingly, we affirm the lower courts' denial of summary judgment and remand for proceedings consistent with this opinion.

We find that the proper prescriptive period is ten years and that the claims have not prescribed. Accordingly, the trial court did not err in denying VPMC's exception of prescription.

**VPMC's Motion for Summary Judgment**

At the hearing on the motion for summary judgment, the trial court denied the motion, finding that there were genuine issues of fact for a jury to decide. VPMC argues that Vallare's allegations fail to support a statutory violation claim

against VPMC. VPMC urges that it did not bill Vallare nor did it pursue a collection action against her for any amount owed for services rendered. VPMC states that it submitted a medical provider's lien pursuant to La.R.S. 9:4752 to recoup the full amount of services provided out of any recovery from the responsible third party. The lien filed, VPMC asserts, was authorized by La.R.S. 9:4571, *et seq.*, the Health Care Provider Lien Statute, and no money was collected from Vallare for medical services.

Vallare asserts that VPMC's lien was pending at the time this action was filed, and for the purposes of La.R.S. 22:1874(B), constitutes maintaining an action at law. In *Anderson*, 172 So.3d 579, the supreme court held that the act of asserting a lien is sufficient to trigger the availability of a private suit.

Due to the complexity of this case, there are factual determinations at issue which render this matter inappropriate for summary judgment. From the record before this court, it is not possible to determine whether VPMC attempted to circumvent the Balance Billing Act by alleging that the medical lien statute authorized it to collect more than the contracted rate from Farm Bureau Insurance. Accordingly, the trial court did not err in denying VPMC's motion for summary judgment.

**BCBS's Exception of Prescription**

BCBS argues that Vallare's claims are prescribed under her health benefit plan. Vallare's plan, BCBS asserts, allows for fifteen months after the date services are rendered to file a lawsuit, a longer period of time than the minimum one year prescriptive period of La.R.S. 22:868. BCBS adds that the fifteen month limitation in Vallare's policy has been enforced by courts at least twice. *See Touro Infirmary v. Henderson*, 92-2720 (La.App. 4 Cir. 12/28/95), 666 So.2d 686; *Webb*

*v. Blue Cross Blue Shield of Louisiana*, 97-681 (La.App. 1 Cir. 4/8/98), 711 So.2d 788.

In *Touro Infirmary*, the court explained:

> It is well settled in our law that general rules of interpretation apply to insurance policies in the same way that they apply to other contracts. *Id.* La.R.S. 22:629(A)(3) prohibits provisions limiting right of action against the insurer to a period of less than twelve months after the cause of action accrues in connection with the type of insurance at issue herein. The Blue Cross policy's limitation period of fifteen months is more generous than the Louisiana statute. The fifteen month limitation was specifically approved in *Sargent v. Louisiana Health Service and Indem. Co.*, 550 So.2d 843, 846-847 (La.App.2d Cir.1989).

> Interpretation of a contract is the determination of the common intent of the parties. La.C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La.C.C. art. 2046. The words of a contract must be given their generally prevailing meaning. La.C.C. art. 2047.

> The cause of action accrued when Henderson was able to bring suit under the policy, 60 days after her claim arose. *Louette v. Security Indus. Ins. Co.*, 361 So.2d 1348 (La.App. 3d Cir.1978), *writ denied*, 364 So.2d 564 (La.1978). Under the clear and unambiguous language of the insurance contract, reflecting the intent of the parties, Henderson was obliged to bring suit on her claim no later than 29 January 1990.

*Id.* at 688.

BCBS emphasizes that Vallare's claims arise from services provided on August 9, 2004, and contends that she was required to file suit no later than November 9, 2005. As such, BCBS concludes that Vallare's claims alleged in her suit filed on July 29, 2011, have prescribed. Lastly, BCBS maintains that this argument applies to any cause of action of any class member involving services rendered prior to April 29, 2010.

In opposition, Vallare argues that if the application of the fifteen month provision in her BCBS policy results in having less than a year from the date the

11

cause of action accrues, then the provision is void pursuant to La.R.S. 22:868(B) and (C), which read:

> B. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twenty-four months next after the inception of the loss when the claim is a first-party claim, as defined in R.S. 22:1692, and arises under any insurance classified and defined in R.S. 22:47(6), (10), (11), (12), (13), (15), and (19) or to a period of less than one year from the time when the cause of action accrues in connection with all other insurances unless otherwise specifically provided in this Code.

> C. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.

Vallare adds that a cause of action accrues when a plaintiff is entitled to file suit. In the instant case, Vallare explains, the cause of action of each claim is balance billing, a violation of La.R.S. 22:1871, *et seq*. Further, Vallare urges, the date of service and date of accrual of the cause of action are not the same. If a claim is not filed or if a claim is filed more than ninety days after service as required by the BCBS policy, then the insured has less than one year to bring suit. Vallare maintains that an insured must have at least one year to file suit from the time the cause of action accrues, or the prescriptive provision in the policy is void.

Vallare asserts that BCBS chose to include the prescriptive provision in its policies, although the provision cannot be applied to the cause of action herein without resulting in an insured having less than one year in which to file suit for balance billing. Vallare adds that the provision was not intended to encompass balance billing claims wherein no claim is filed or a claim is filed months after treatment. As such, Vallare concludes that in accordance with La.R.S. 22:868(C), the fifteen month contractual provision in the BCBS policy is void.

12

Additionally, Vallare states that the insured is told by BCBS that contracted providers will file all claims; thus, the insured depends on the provider to file claims as promised. Accordingly, Vallare urges that it would be unjust to allow BCBS to avoid liability because no claim was filed by the contracted provider.

Vallare notes that although BCBS is the third party administrator of the employer funded health insurance plan, not the insurer, she asserts that the health care payment system involves an interrelated and interdependent series of contracts intended and designed to work as a system to reduce liability of the insured to a deductible, co-payment, or co-insurance. These contracts, Vallare maintains, should not be considered in isolation but as parts of a contractual system so they can be properly understood and applied to provide consumers the protection they purchased. If insurers such as BCBS would tell their contracted provider to cease balance billing or risk their status as a contracted provider, Vallare contends that balance billing will stop. With no economic incentive for insurers to stop balance billing, Vallare urges that those insurers will not use their power within the marketplace to stop balance billing.

In denying BCBS's prescription exception, the trial court reasoned:

[T]he Court finds as a finding of fact that defendant, Blue Cross Blue Shield's plan, specifically Article XX, that's 20 Section J that they rely upon as to the 15 month deadline, and/or period for, period pertinent to this exception. Uh, the Court finds that it has to read in conjunction with other pertinent . . . sections contained in the entire plan. Specifically the Court finds as to reading in Section Article XX, 20, Section H . . . deals specifically with filing of claims and states that the insured has the same 15 months. . . . [T]he Court finds that the reading of BCBCLA's (sic) Plan Policy, whatever it does create certain circumstances and instances where they may result in the plaintiff, or, they call it claimant or insured. There's different ways of saying it, may actually fall into this, I call it a gap or this situation where they are not allowed an entire one year prescriptive period that's mandated by law, . . . and it's kinda contoured to that, and additionally, and in case it's too numerous for this Court to cite, that

> when reading and interpreting a contract, then it's the maker's on the contract that . . . bears the burden of either explaining it with no ambiguities whatsoever, or any of these other matters . . .

The trial court subsequently found that the exception was without merit and denied the exception at BCBS's costs.

As noted above, we find that Vallare's claims are contractual in nature and subject to a ten-year prescriptive period; thus, Vallare's claim and those of the class have not prescribed. Although the fifteen month limitation has previously been enforced, those cases do not involve claims of balance billing. Accordingly, the trial court did not err in denying BCBS's exception of prescription and the writ is denied.

## CONCLUSION

For the reasons assigned, the applications for supervisory writs filed by VPMC and BCBS are denied.

**WRITS DENIED.**

NUMBER 16-863 consolidated with 16-953

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

GLORIA VALLERE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

VERSUS

VILLE PLATTE MEDICAL CENTER, LLC, ET AL.

SAVOIE, J., concurring.

While I agree with the reasoning and the outcome in this case, it is my opinion that the decretal language should be "WRITS CONSIDERED. AFFIRMED."