PENZATO, J.
This consolidated matter involves alleged violations of the Health Care Consumer Billing and Disclosure Protection Act (the "Billing Act"), La. R.S. 22:1871, et seq. Plaintiffs Matthew DePhillips and Earnest Williams attempt to appeal the trial court's judgments granting exceptions raising the objection of prescription filed by defendant Hospital District No. 1 of Tangipahoa Parish, doing business as North Oaks Medical Center/North Oaks Health System ("North Oaks"), finding that such claims are subject to a one year prescriptive period.
FACTS AND PROCEDURAL HISTORY
On April 28, 2015, DePhillips filed a putative class action against North Oaks. DePhillips alleged that he was treated at North Oaks as a result of a February 9, 2015 motor vehicle accident. He further *3 alleged that at the time of the accident, he was insured by Blue Cross Blue Shield of Louisiana ("BCBS"). DePhillips, individually, and on behalf of all others similarly situated, sought damages arising from North Oaks' refusal to submit and/or accept payment from his insurer for such treatment, instead seeking to collect directly from DePhillips by maintaining an action at law for payment. DePhillips's petition asserted two causes of action: (1) a violation of the Billing Act; and (2) a breach of contract involving the Member Provider Agreement between North Oaks and BCBS.
On May 8, 2015, Williams filed a similar class action petition for damages, naming as defendants both North Oaks and BCBS. Williams alleged that he was involved in a motor vehicle accident on February 26, 2011, for which he received medical treatment from North Oaks. According to the petition, Williams was insured under an insurance policy administered by BCBS at the time of the accident. Williams alleged that North Oaks filed a claim with BCBS and was paid for Williams's charges, then attempted to collect amounts from him in violation of its Member Provider Agreement and the Billing Act by asserting a lien against his liability insurance claim for the full and undiscounted charges. Williams, individually, and on behalf of all others similarly situated, asserted that North Oaks' actions violated the Billing Act, that BCBS was solidarily liable with North Oaks, and that Williams relied to his detriment on the promises of BCBS that North Oaks would perform in accordance with the insurance contract.
On June 10, 2015, North Oaks filed a motion to consolidate the DePhillips and Williams matters. Prior to the hearing on the motion to consolidate, BCBS removed the Williams case to federal court.[1] North Oaks then filed peremptory exceptions in the DePhillips matter raising the objections of no right of action for breach of contract, no cause of action for claims arising before the effective date of the Billing Act, and prescription. Following a hearing on October 13, 2015, the trial court granted the exception raising the objection of no cause of action for claims arising before the effective date of the Billing Act, but denied North Oaks' exceptions raising the objections of no right of action for breach of contract and prescription. A judgment was signed on November 2, 2015. North Oaks filed an application for supervisory writs seeking review of this ruling. On March 8, 2016, this court granted the writ in part, finding that DePhillips did not have a right of action to assert a claim for breach of the Member Provider Agreement, as he was neither a party to the Member Provider Agreement or a third-party beneficiary. Accordingly, the judgment denying the exception raising the objection of no right of action for breach of contract was reversed, and the exception was sustained. The writ was denied with respect to the peremptory exception raising the objection of prescription.
Thereafter, on March 31, 2016, North Oaks reasserted its peremptory exception raising the objection of prescription, contending that a one year prescriptive period applied to the claims of both DePhillips *4 and Williams arising from the Billing Act.[2] The matter came for hearing on October 11, 2016, at which time the trial court granted the exception, and indicated that it would issue written reasons. The written reasons for judgment signed October 24, 2016, stated that the court was "bound by the First Circuit's ruling" of March 8, 2016, and accordingly, "that the DePhillips claims are confined to billings occurring within one year from the filing of his suit, and that the Williams claims are barred in their entirety by prescription." Two separate judgments were signed on November 16, 2016. The "Judgment on Exception of Prescription" provided that:
IT IS ORDERED ADJUDGED AND DECREED that North Oaks' Exception of Prescription be and is hereby GRANTED as claims arising from the Health Care Consumer Billing and Disclosure Protection Act, La. R.S. 22:1871 et seq. , are subject to a one year prescriptive period, and accordingly, that any claims at issue are confined to acts or transactions that occurred within one year from the filing of suit by plaintiff, Matthew A. De[P]hillips.[3]
Notice of judgment was mailed by the clerk on November 17, 2016. Another "Judgment on North Oaks' Exception of Prescription" stated:
IT IS ORDERED ADJUDGED AND DECREED that North Oaks' Exception of Prescription be and is hereby GRANTED as claims arising from the Health Care Consumer Billing and Disclosure Protection Act, La. R.S. 22:1871 et seq. , are subject to a one year prescriptive period, and accordingly, that Earnest Williams' claims against North Oaks be and are hereby DISMISSED with prejudice.[4]
Notice of judgment was mailed by the clerk on November 22, 2016.
On December 2, 2016, plaintiffs DePhillips and Williams filed a motion for new trial from the judgment of November 16, 2016, that limited all claims to acts or transactions that occurred within one year from the filing of the DePhillips lawsuit. The motion stated that the clerk of court mailed notice of the signing of said judgment on November 17, 2016. The motion for new trial came for hearing on January 9, 2017, and was denied. A judgment in accordance therewith was signed on January 19, 2017. Thereafter, plaintiffs DePhillips and Williams filed a motion for appeal from the judgment rendered on January 9, 2017, and signed on January 19, 2017.
RULES TO SHOW CAUSE
On October 16, 2017, this court, ex proprio motu , issued rule to show cause orders in each of the consolidated appeals concerning several issues that may render the matter non-appealable. First, this court indicated that it was unclear which of the two judgments signed on November 16, 2016, is the subject of this appeal. The rule to show cause orders further noted that to the extent the "Judgment on Exception *5 of Prescription" is the subject of the appeal, the motion appeared to be untimely filed; appeared to be a partial judgment that did not dispose of all of the claims and issues in the case, yet lacked the designation of finality required by La. C.C.P. art. 1915(B) ; and lacked appropriate decretal language. The parties were directed to show cause as to whether the appeal should or should not be dismissed for these reasons. Plaintiffs DePhillips and Williams responded, arguing that in appeal number 2017-1423, the judgment subject to the appeal is the DePhillips judgment captioned "Judgment on Exception of Prescription," and that in appeal number 2017-1424, the judgment subject to the appeal is the Williams judgment captioned "Judgment on North Oaks' Exception of Prescription." Plaintiffs DePhillips and Williams agree that the DePhillips judgment is an interlocutory order which does not contain decretal language and cannot be certified as final. Plaintiffs suggest that appeal number 2017-1423 be dismissed, and that appeal number 2017-1424 be permitted to proceed with both Williams and DePhillips as appellants. On March 5, 2018, the rules to show cause were referred to this panel assigned to hear the consolidated appeals.
JURISDICTION
The appellate jurisdiction of this court extends to final judgments. See La. C.C.P. art. 2083. A final judgment is one that determines the merits of a controversy, in whole or in part. In contrast, an interlocutory judgment does not determine the merits, but only preliminary matters in the course of an action. La. C.C.P. art. 1841. This court cannot determine the merits of an appeal unless our appellate jurisdiction is properly invoked by a valid final judgment. Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc., 2011-0520 (La. App. 1 Cir. 11/9/11), 79 So.3d 1054, 1061, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698.
A party wishing to appeal an adverse judgment must obtain an order of appeal. There can be no appeal absent an order of appeal because the order is jurisdictional; this lack of jurisdiction can be noticed by the court on its own motion at any time. Noyel v. City of St. Gabriel, 2015-1890 (La. App. 1 Cir. 9/1/16), 202 So.3d 1139, 1142, writ denied, 2016-1745 (La. 11/29/16), 213 So.3d 392. See also La. C.C.P. art. 2088.
Though a proceeding has been consolidated with another, an appeal by a party in one proceeding does not serve as such to the benefit of another party in the joined action. A judgment cannot be set aside or changed on appeal except as to those who are parties to the appeal. As a consequence, parties who fail to appeal cannot be heard, on appeal by others, to complain of errors below, and can demand no relief. Darouse v. Mamon, 201 So.2d 362, 364 (La. App. 1 Cir. 1967).
A judgment denying a motion for new trial is an interlocutory order and is normally not appealable. See La. C.C.R art. 2083(C). However, when a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits. Byrd v. Pulmonary Care Specialists, Inc., 2016-0485 (La. App. 1 Cir. 12/22/16), 209 So.3d 192, 195.
Here, the motion for appeal clearly states that plaintiffs DePhillips and Williams are appealing the judgment rendered on January 9, 2017, and signed on January 19, 2017, which is the denial of the motion for new trial. However, the circumstances *6 indicate that they sought to appeal from the judgment granting the exception of prescription filed by North Oaks. We must therefore determine which judgment was the subject of the motion for new trial to which the order of appeal applies.
The motion for new trial filed on December 2, 2016 referenced the judgment of November 16, 2016 that limited all claims to acts or transactions that occurred within one year from the filing of the DePhillips lawsuit. It further indicated that the clerk mailed notice of the signing of the judgment at issue on November 17, 2016. While there were two judgments signed on November 16, 2016, notice of judgment was mailed by the clerk on November 17, 2016 only as to the judgment captioned "Judgment on Exception of Prescription" (DePhillips judgment). Notice of judgment regarding the judgment captioned "Judgment on North Oaks' Exception of Prescription" (Williams judgment) was mailed by the clerk on November 22, 2016. Thus, the motion for new trial sought reconsideration of the DePhillips judgment only. We find that the record contains no order of appeal showing that plaintiffs DePhillips and Williams appealed the Williams judgment. Thus, we do not have jurisdiction over the Williams judgment in appellate docket number 2017-1424.
With regard to the DePhillips judgment in appellate docket number 2017-1423, we note that plaintiffs DePhillips and Williams concede that it is an interlocutory order which does not contain decretal language and cannot be certified as final. DePhillips filed suit within one year of his treatment at North Oaks, and therefore the ruling on the exception of prescription has no effect on his claim.[5] Thus, we do not have jurisdiction over the DePhillips judgment.
CONCLUSION
For the foregoing reasons, we dismiss these consolidated appeals. Costs of these appeals are assessed against plaintiffs-appellants Matthew DePhillips and Earnest Williams.
APPEALS DISMISSED.
Holdridge J. concurs

The Williams case was remanded to the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana, by order dated September 29, 2015. On November 2, 2015, the case was transferred in accordance with La. C.C.P. art. 253.2 for purposes of adjudicating the previously filed motion to consolidate. A joint motion to remand for the limited purpose of allowing the trial court to sign an order consolidating the DePhillips and Williams cases was granted by this court on November 7, 2017, and an order to consolidate the cases effective November 16, 2015, was signed on November 15, 2017.

BCBS filed an exception raising the objection of prescription in the Williams matter, which was heard at the same time as North Oaks' exceptions. BCBS's exception was granted, and is the subject of a related consolidated appeal decided this same date. See Matthew A. DePhillips Individually, And On Behalf Of All Others Similarly Situated v. Hospital Service District No. 1 of Tangipahoa Parish, Doing Business As North Oaks Medical Center/North Oaks Health System, 2017-1425 c/w 2017-1426 (La. App. 1 Cir. __/__/18), --- So. 3d ----.

While the judgment bore a consolidated caption, this judgment appears to be related to the DePhillips lawsuit.

While the judgment bore a consolidated caption, this judgment appears to be related to the Williams lawsuit.

We decline to convert the appeal of this non-final judgment to a supervisory writ as a reversal of the trial court's judgment would not terminate the DePhillips litigation in whole or in part. See Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981) (per curiam ).