STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2017 CA 1423 R

MATTHEW A. DEPHILLIPS, INDIVIDUALLY,
AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

VERSUS

HOSPITAL SERVICE DISTRICT NO. 1 OF TANGIPAHOA PARISH,
DOING BUSINESS AS NORTH OAKS MEDICAL CENTER/
NORTH OAKS HEALTH SYSTEM

## CONSOLIDATED WITH

2017 CA 1424 R

EARNEST WILLIAMS, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

VERSUS

HOSPITAL SERVICE DISTRICT NO. 1 OF TANGIPAHOA PARISH
D/B/A NORTH OAKS HEALTH SYSTEM AND NORTH OAKS
MEDICAL CENTER,
AND LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY
D/B/A BLUE CROSS BLUE SHIELD OF LOUISIANA

Judgment Rendered: **SEP 0 5 2019**

* * * * * * *

On Appeal from the 21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court No. 2015-0001261
Consolidated with Trial Court No. 2015-0001388

Honorable Robert H. Morrison, III, Judge Presiding

* * * * * * *

Holdridge J. concurs

J. Lee Hoffoss, Jr.
Claude P. Devall
Donald W. McKnight
Lake Charles, Louisiana
and
Derrick G. Earles
David C. Laborde
Marksville, Louisiana
and
Jeffery Berniard
Scott R. Bickford
Lawrence J. Centola, III
Norman F. Hodgins, III
New Orleans, Louisiana

Attorneys for Plaintiffs/Appellants,
Matthew A. DePhillips and
Earnest Williams, Individually,
And on Behalf of All Similarly
Situated


Harry J. Philips, Jr.
Amy C. Lambert
Caroline K. Darwin
Baton Rouge, Louisiana

Attorneys for Defendant/Appellee,
Hospital Service District No. 1 of
Tangipahoa Parish, d/b/a North Oaks
Medical Center/North Oaks Health
System


**BEFORE: HIGGINBOTHAM, HOLDRIDGE, AND PENZATO, JJ.**

2

**PENZATO, J.**

This matter is before us on remand from the Louisiana Supreme Court following our dismissal of plaintiff Earnest Williams' appeal of a trial court judgment granting an exception raising the objection of prescription filed by defendant Hospital District No. 1 of Tangipahoa Parish, Doing Business as North Oaks Medical Center/North Oaks Health System ("North Oaks"). For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY[1]

On February 26, 2011, Williams was involved in a motor vehicle accident requiring medical attention. He sought emergency medical treatment from North Oaks and was charged $1,378.75 by North Oaks as a result of said treatment. At the time of the accident, Williams was insured under an insurance policy administered by Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("BCBS"). North Oaks is a contracted health care provider with BCBS. Following its medical treatment of Williams, North Oaks filed a claim with BCBS and was paid pursuant to the terms of its contract with BCBS. In addition, North Oaks attempted to collect amounts from Williams by asserting a lien/privilege against his liability insurance claim for the full and undiscounted charges.

On May 8, 2015, Williams filed a "Class Action Petition for Damages, Payment of a Thing Not Due, Declaratory Judgment, and for Injunctive Relief," naming as defendants North Oaks and BCBS. As to North Oaks, Williams, individually, and on behalf of all others similarly situated, alleged that North Oaks violated the Health Care Consumer Billing and Disclosure Protection Act ("the Balance Billing Act"), La. R.S. 22:1871, *et seq.*, by failing to file claims with

---

[1] The factual background is derived from allegations contained in the petition filed in this consolidated matter.

3

health insurers; failing to accept payments from health insurers; attempting to collect and collecting from insureds or enrollees amounts in excess of those legally owed by those insureds or enrollees; and filing liens/privileges, which constitute actions at law, or otherwise maintaining actions at law. Williams, individually, and on behalf of all others similarly situated sought damages, reimbursement of sums paid which were not owed, attorney fees, and costs.

On June 10, 2015, North Oaks filed a motion to consolidate Williams' suit with a similar suit filed by Matthew A. DePhillips. DePhillips filed suit on April 28, 2015, alleging that he was treated at North Oaks as a result of a February 9, 2015 motor vehicle accident and that at the time of the accident he was insured by BCBS. DePhillips, individually, and on behalf of all others similarly situated, sought damages arising from North Oaks' refusal to submit and/or accept payment from his insurer for such treatment, instead seeking to collect directly from DePhillips by maintaining an action at law for payment. DePhillips' petition asserted two causes of action: (1) a violation of the Balance Billing Act; and (2) a breach of contract involving the member provider agreement between North Oaks and BCBS.

Prior to the hearing on the motion to consolidate, BCBS removed the Williams case to federal court. North Oaks then filed peremptory exceptions in the DePhillips matter raising the objections of no right of action for breach of contract, no cause of action for claims arising before the effective date of the Billing Act, and prescription. Following a hearing on October 13, 2015, the trial court granted the exception raising the objection of no cause of action for claims arising before the effective date of the Balance Billing Act, but denied North Oaks' exceptions raising the objections of no right of action for breach of contract and prescription. A judgment was signed on November 2, 2015. North Oaks filed an application for supervisory writs seeking review of this ruling. On March 8, 2016, this court

4

granted the writ in part, finding that DePhillips did not have a right of action to assert a claim for breach of the member provider agreement, as he was neither a party to the member provider agreement or a third-party beneficiary. *DePhillips v. Hosp. Service District No. 1 of Tangipahoa Parish*, 2015 CW 1589 (La. App. 1 Cir. 3/8/16). Accordingly, the judgment denying the exception raising the objection of no right of action for breach of contract was reversed, and the exception was sustained. The writ was denied with respect to the peremptory exception raising the objection of prescription.

The Williams case was remanded to the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana, by the federal court by order dated September 29, 2015.[2] Thereafter, on March 31, 2016, North Oaks filed a peremptory exception raising the objection of prescription, asserting that a one-year prescriptive period applies to DePhillips' and Williams' claims arising from the Balance Billing Act.[3] DePhillips and Williams opposed the exception of prescription, arguing that a ten-year prescriptive period applies.

The matter came for hearing on October 11, 2016. On October 24, 2016, the trial court issued written reasons for judgment stating that the court was "bound by the First Circuit's ruling" of March 8, 2016, and accordingly, "that the DePhillips claims are confined to billings occurring within one year from the filing of his suit, and that the Williams claims are barred in their entirety by prescription." On November 16, 2016, the trial court signed a judgment granting North Oaks' exception raising the objection of prescription, finding claims arising from the Balance Billing Act are subject to a one-year prescriptive period, and dismissing

---

[2] *Williams v. Hosp. Service District No. 1 of Tangipahoa Parish*, 2015 WL 5774867 (E.D. 2015) (unpublished)

[3] The DePhillips and Williams cases were eventually consolidated.

5

Williams' claims against North Oaks with prejudice. It is from this judgment that Williams appeals.[4]

## LAW AND DISCUSSION

If evidence is introduced at the hearing on the peremptory exception of prescription, the trial court's findings are reviewed under the manifest error standard of review. *Cawley v. National Fire & Marine Ins. Co.*, 2010-2095 (La. App. 1 Cir. 5/6/11), 65 So. 3d 235, 237. However, in a case involving no dispute regarding material facts—only the determination of a legal issue—a reviewing court must apply the *de novo* standard of review, under which the trial court's legal conclusions are not entitled to deference. *Id.* When, as in this case, no evidence is introduced at the hearing to support or controvert the exception of prescription, the exception must be decided upon facts alleged in the petition with all allegations accepted as true. *Cichirillo v. Avondale Industries, Inc.*, 2004-2894 (La. 11/29/05), 917 So.2d 424, 428.

Liberative prescription is a mode of barring of actions as a result of inaction for a period of time. La. C.C. art. 3447. All personal actions, including actions to enforce contractual obligations, are generally subject to a liberative prescription of ten years, unless otherwise provided. See La. C.C. art. 3499; *Thomas v. State Employees Group Benefits Program*, 2005-0392 (La. App. 1 Cir. 3/24/06), 934 So. 2d 753, 756. Delictual actions are subject to a liberative prescription period of one year, running from the day injury or damage is sustained. La. C.C. art. 3492.

---

[4] This matter was previously before this court on appeal; this court dismissed the appeal, finding we did not have jurisdiction. *Williams v. Hosp. Service District No. 1 of Tangipahoa Parish*, 2017-1423, 2017-1424 (La. App. 1 Cir. 7/18/18), 255 So. 3d 1, 6. Writs were taken to the Louisiana Supreme Court, which determined that the appeal should be reinstated, whereupon it remanded the matter to this court. *Williams v. Hosp. Service District No. 1 of Tangipahoa Parish*, 2018-1386 (La. 12/17/18), 258 So. 3d 584 (La. 12/17/18) (per curiam).

The proper prescriptive period to be applied in any action depends upon the nature of the cause of action. *Roger v. Dufrene*, 613 So. 2d 947, 948 (La. 1993). It is the nature of the duty breached that should determine whether the action is in tort or in contract. *Id.* The classical distinction between "damages ex contractu" and "damages ex delicto" is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons. *Thomas*, 934 So. 2d at 757. Even when tortfeasor and victim are bound by a contract, courts usually apply the delictual prescription to actions that are really grounded in tort. *Id.* The mere fact that the circumstances arose in the context of a contractual relationship does not make the cause of action contractual. *Id.* The courts are not bound to accept a plaintiff's characterization of the nature of his cause of action if unsupported by factual allegations. *Id.*

In order to determine the correct prescriptive period applicable to Williams' claims under the Balance Billing Act, the proper characterization of the nature of his cause of action is crucial.

The Balance Billing Act prohibits a health care provider from collecting or attempting to collect amounts from an insured patient in excess of the contracted reimbursement rate. See *Anderson v. Ochsner Health System*, 2013-2970 (La. 7/1/14), 172 So. 3d 579, 582. Specifically, La. R.S. 22:1874 provides, in pertinent part, as follows:

> A. (1) A contracted health care provider shall be prohibited from discount billing, dual billing, attempting to collect from, or collecting from an enrollee or insured a health insurance issuer liability or any amount in excess of the contracted reimbursement rate for covered health care services.

> (2) No contracted health care provider shall bill, attempt to collect from, or collect from an enrollee or insured any amounts other than those representing coinsurance, copayments, deductibles, noncovered or noncontracted health care services, or other amounts identified by

the health insurance issuer on an explanation of benefits as an amount for which the enrollee or insured is liable.

(3) However, in the event that any billing, attempt to collect from, or the collection from an enrollee or insured of any amount other than those representing copayment, deductible, coinsurance, payment for noncovered or noncontracted health care services, or other amounts identified by the health insurance issuer as the liability of the enrollee or insured is based on information received from a health insurance issuer, the contracted health care provider shall not be in violation of this Subsection.

\* \* \*

B. No contracted health care provider may maintain any action at law against an enrollee or insured for a health insurance issuer liability or for payment of any amount in excess of the contracted reimbursement rate for such services. In the event of such an action, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney fees and court costs. However, nothing in this Subsection shall be construed to prohibit a contracted health care provider from maintaining any action at law against an enrollee or insured after a health insurance issuer determines that the health insurance issuer is not liable for the health care services rendered.

In *Anderson*, the Louisiana Supreme Court held that an insured has a private right of action for damages against a health care provider under the Balance Billing Act. *Anderson*, 172 So 3d at 586.[5] While the applicable prescriptive period of this right of action was not an issue before the Supreme Court in *Anderson*, because the statute is silent on the existence of a private right of action, the Court was required to investigate the legislative intent in enacting the law. *Id.* at 581. Noting the title of the legislation, the "Health Care Consumer Billing and Disclosure Protection Act," the Supreme Court reasoned that the legislature enacted this statutory scheme with protection of the consumer in mind. *Id.* at 584.

The Supreme Court found it difficult to envision a law denying recourse to individuals when that law's principle aim is individual protection, and accordingly found the legislative intent supported the existence of a private right of action to

---

[5] In a decision released on the same day, the Louisiana Supreme Court held in a separate matter that an insured has a cause of action against his or her health insurer when its contracted providers balance bill. *Emigh v. West Calcasieu Cameron Hosp.*, 2013-2985 (La. 7/1/14), 145 So. 3d 369.

sue under La. R.S. 22:1877. *Id.* In reaching this conclusion, the Supreme Court further noted that "[n]othing in the statute or the Act, strips an aggrieved insured of his/her right to recover any property of which he/she was divested or prevent him/her from being made whole," citing La. Const. Art. I, § 22 ("[a]ll courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights") and La. C.C. art. 2315(A) ("[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it"). *Anderson*, 172 So. 3d at 584. Thus, the Supreme Court concluded that a private right of action grounded in individual restitution is available. *Id.* at 584-85.

In this case, we find that Williams' claims that North Oaks violated the Balance Billing Act by failing to file claims with health insurers, failing to accept payments from health insurers, attempting to collect and collecting from insureds amounts in excess of those legally owed, and filing liens/privileges or otherwise maintaining actions at law against insureds do not derive from a contract between Williams and North Oaks. Rather, as recognized by the Louisiana Supreme Court in *Anderson*, such claims are grounded in his right to recover any property of which he was divested, a right derived from La. C.C. art. 2315. See *Anderson*, 172 So. 3d at 584. Accordingly, we find that Williams' claims under the Balance Billing Act are delictual in nature and are subject to a one-year prescriptive period, running from the date his injury or damage was sustained.[6]

We recognize that the Louisiana Third Circuit has held that claims related to alleged violations of the Balance Billing Act are subject to a prescriptive period of

---

[6] In *Stewart v. Ruston Louisiana Hosp. Co., L.L.C.*, 2016 WL 1715192 *7 (W.D. La. 2016)(unpublished), the federal district court reached this same conclusion in holding that the appropriate prescriptive period for a cause of action based on a violation of the Balance Billing Act is one year.

ten years. *Vallare v. Ville Platte Medical Center, LLC*, 2016-863 (La. App. 3 Cir. 2/22/17), 214 So. 3d 45, 52, writs denied, 2017-0498, 2017-0513 (La. 5/12/17), 221 So. 3d 73. In *Vallare*, the plaintiff, who was insured by BCBS, filed suit against Ville Platte Medical Center, LLC (VPMC), where she was treated for injuries related to an automobile accident, alleging that VPMC violated the Balance Billing Act. *Vallare*, 214 So. 3d at 47. Relying on the contractual relationships discussed by the Louisiana Supreme Court in *Emigh v. West Calcasieu Cameron Hosp.*, 2013-2985 (La. 7/1/14), 145 So. 3d 369, 374-75, the Third Circuit reasoned that the act of balance billing involved Vallare's account with VPMC, which encompasses Vallare's obligation to pay reasonable treatment charges that arise out of the underlying contractual relationship between Vallare as patient and VPMC as health care provider. *Vallare*, 214 So. 3d at 51. The court found that the contract between Vallare and VPMC included an implied provision as described in La. C.C. art. 2054 that VPMC will not balance bill its patients covered by a contracted health insurer.[7] *Id.* The *Vallere* court concluded that "Vallare's cause of action involves a contract or quasi-contractual obligation as described by the supreme court in *Emigh*, 145 So. 3d 369, and is not based in tort." *Vallare*, 214 So. 3d at 51.

We respectfully disagree with the Third Circuit's conclusion and its reliance on *Emigh* in characterizing the nature of an insured's cause of action against a **health care provider**. In *Emigh*, the Louisiana Supreme Court addressed the existence of a cause of action by an insured against her insurer for a contracted provider's failure to bill her the negotiated group discounts for health care costs.

---

[7] Louisiana Civil Code article 2054 provides that:

> When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose.

10

145 So. 3d at 370-71. The Supreme Court found that the object of the contract between an insured and her insurer is not only to pay covered medical bills, but also to secure reduced health care costs and tender payment for those negotiated, discounted costs. *Emigh*, 145 So. 3d at 374. Because the actual billing of this promised, discounted charge is performed by a third party, an insurer is promising that a third party will render a performance, which fits squarely within the context of La. C.C. art. 1977.[8] *Emigh*, 145 So. 3d at 375.

We find that these same considerations do not exist in the relationship between an insured and a health care provider. A contractual relationship does exist between a patient and health care provider. See *Howard v. Willis-Knighton Medical Center*, 40,634 (La. App. 2 Cir. 3/8/06), 924 So. 2d 1245, 1253, writs denied, 2006-0850, 2006-1064 (La. 6/14/06), 929 So. 2d 1268, 1271. However, the inclusion of an implied provision in the contract that a health care provider will not balance bill its patients covered by a contracted health care insurer is not supported by the Louisiana Supreme Court's holding in *Emigh*. Rather, we find that the Supreme Court's reliance on LA. C.C. art. 2315 in *Anderson* supports our conclusion that a patient's claim against a health care provider for violations of the Balance Billing Act is grounded in tort.

However, in this case, no evidence was introduced at the hearing on the exception of prescription, and Williams' petition is silent as to the date that the alleged violation of the Balance Billing Act by North Oaks occurred. Accordingly, we are compelled to reverse the trial court judgment granting North Oaks' exception of prescription.

---

[8] Louisiana Civil Code article 1977 provides:

> The object of a contract may be that a third person will incur an obligation or render a performance.

> The party who promised that obligation or performance is liable for damages if the third person does not bind himself or does not perform.

11

## CONCLUSION

For the foregoing reasons, the November 16, 2016 judgment, granting North Oaks' exception raising the objection of prescription and dismissing Williams' claims against North Oaks with prejudice, is hereby reversed. This matter is remanded for further proceedings. Costs of this appeal in the amount of $2,470.00 are assessed against Hospital District No. 1 of Tangipahoa Parish, Doing Business as North Oaks Medical Center/North Oaks Health System.

**REVERSED AND REMANDED.**